[No 2213.  Decided July 2, 1896.]

THE STATE OF WASHINGTON, *Respondent*, v. W. C. MURPHY, *Appellant*.

CRIMINAL LAW — EVIDENCE — BELIEF OF WITNESS — WEIGHT OF TESTIMONY.

In a prosecution for cattle stealing it is competent for a witness, in testifying as to the identity of the animal alleged to have been stolen, to state that it was such animal "to the best of his judgment and belief," as the question of the force to be given to his testimony is for the jury.

Although the evidence in a criminal case may not have been of the most satisfactory and convincing kind, yet the verdict of the jury should not be disturbed on appeal, if there was evidence tend-

ing to establish every material fact necessary to show the guilt of the defendant. (*State v. Kroenert*, 13 Wash. 644, followed.)

Appeal from Superior Court, Whitman County.— Hon. E. H. SULLIVAN, Judge. Affirmed.

*S. J. Chadwick* (*Fullerton & Wyman*, of counsel), for appellant.

*H. W. Canfield*, Prosecuting Attorney, for The State.

The opinion of the court was delivered by

HOYT, C. J.— Appellant was convicted of the crime of cattle stealing, and by this appeal seeks to reverse the sentence imposed upon such conviction. The first alleged error grows out of the action of the court in admitting certain evidence offered by the plaintiff over his objection, and in denying his motion to strike certain other evidence introduced by the plaintiff.

The ground upon which it is alleged that the evidence was incompetent was that the witness in testifying as to the identity of the animal which it was alleged had been stolen, stated that it was such animal "to the best of his judgment and belief," instead of stating that he knew such to be the fact. But, in our opinion, it was entirely competent for the witness to testify that he believed it was the animal, even although he was not willing to state that such belief amounted to positive knowledge. The force to be given to his testimony might be influenced by the form in which the alleged fact was stated, but the weight to which the testimony was entitled was for the jury and was not a question of law to be decided by the court. One witness might be careful to refrain from testifying to positive knowledge, even though he had a belief so strong that another differ-

ently constituted would, under the same conditions, be entirely willing to testify that the fact was within his knowledge. As a matter of strict construction, all any witness can testify to is his belief as to the existence of a fact. Such belief may, in one case, be so strong that it amounts substantially to positive knowledge. In another it may be less convincing. But, in any case, it is competent for a witness to testify that he believes a certain statement to be true, and the question of the force to be given to his testimony is for the jury.

The only other ground upon which it is claimed that the judgment and sentence should be reversed is that the evidence was not sufficient to sustain the verdict. A careful examination of the evidence discloses the fact that it was not of the most satisfactory and convincing kind, but it also discloses the fact that there was evidence tending to establish every material fact necessary to show the guilt of the defendant, and, this being so, we are of the opinion that it is our duty not to disturb the verdict of the jury rendered thereon. Such verdict was rendered after the jury had seen the witnesses upon the stand and heard their testimony, and they were better qualified to pass upon the question of fact as to whether or not the evidence was sufficient than we are from an examination of the evidence offered, unaided by a personal inspection of the witnesses and of their manner in the giving of the testimony. Not only did the jury after having heard the testimony decide that it was sufficient to establish the guilt of the defendant, but the trial court, who also had the advantage of seeing the witnesses and noting the manner in which they testified, was satisfied that the evidence warranted the verdict which was returned; otherwise it would have granted the motion

for a new trial. Under the rule announced in *State v. Kroenert*, 13 Wash. 664 (43 Pac. 876), the evidence was sufficient to make it our duty to allow the verdict to stand.

The judgment and sentence will be affirmed.

ANDERS, DUNBAR, GORDON and SCOTT, JJ., concur.