[No. 3310.   Decided December 14, 1899.]

THE STATE OF WASHINGTON, *Respondent,* v. ED. MALDO-
NADO, *Appellant.*

CRIMINAL LAW—SUFFICIENCY OF INFORMATION.

The fact that defendant's name is omitted in the first part of an information will not render it fatally defective, if in another part of the information he is charged by name with having committed the acts which constitute the crime charged, since he is thereby sufficiently informed to enable him to intelligently prepare his defense.

SAME—APPEAL—SUFFICIENCY OF EVIDENCE.

Where there is sufficient evidence in a criminal prosecution, if uncontradicted, to warrant a verdict of guilty, such a verdict will not be disturbed, when the evidence is contradictory, although the appellate court may not be wholly satisfied with the sufficiency of the evidence.

Appeal from Superior Court, Lincoln County.—Hon. CHARLES H. NEAL, Judge. Affirmed.

*H. N. Martin,* for appellant.

*N. T. Caton,* Prosecuting Attorney, for the State.

The opinion of the court was delivered by

DUNBAR, J.—The appellant was convicted of cattle stealing and sentenced to pay a fine of $100, and from such judgment he appeals. The first assignment of error is that the information was fatally defective. The information was as follows:

"State of Washington,⎞
County of Lincoln,　　⎭ ss.

In the Superior Court of the State of Washington, Lincoln County, holding terms at Davenport.

State of Washington,　⎞
　　　　vs.　　　　　　⎬ Information.
Edward Maldonado.　⎠

——————— is accused by the prosecuting attorney of Lincoln county, state of Washington, by this information of the crime of stealing cattle, committed as follows, to-wit: The said Edward Maldonado on or about the 15th day of October, 1896, at the county of Lincoln, state of Washington: did unlawfully and feloniously steal, take, drive and carry away one head of neat cattle of the value of $30, then and there the property of C. L. Fish, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the laws of the state of Washington.

JACKSON BROCK,
Prosecuting Attorney in and for the said County and State."

It is contended that, inasmuch as the defendant's name was not inserted in the first part of the information, the same is illegal and void.

We do not think, under the provision of our statute, this omission is sufficient to render the information illegal. The defendant's name appears in the statement of facts which constitute the crime, and he is charged by name with having committed these acts which constitute a crime. He was sufficiently informed to enable him to intelligently plead, and form the issue, and prepare himself for defense; and, when this information was given him, the requirements of the statute were met. The other assignments of error all go to the effect that the evidence was not sufficient to justify the verdict. An examination of the evidence in the case impresses us with the fact that it was not very strong, and that the jury might reasonably, in the opinion of this court, have found the defendant not guilty;

but there was sufficient evidence, if uncontradicted, to warrant the jury in bringing in a verdict of guilty, and, the jury being the tribunal upon which, by our laws and constitution, is especially imposed the duty of weighing the testimony, and having so weighed the testimony and found against the defendant, it is not the province of this court to disturb their verdict.

It is insisted by the appellant that the venue was not proven, but this assertion must have been inadvertently made, for the statement of facts shows that the venue was distinctly and unquestionably proven, both upon the trial and the cross-examination of the witnesses for the state.

There being no error of law, the judgment will be affirmed.

GORDON, C. J., and FULLERTON and REAVIS, JJ., concur.