[No. 4409.    Decided February 18, 1903.]

THE STATE OF WASHINGTON, *Respondent,* v. GEORGE BAILEY, *Appellant.*

RAPE — SUFFICIENCY OF EVIDENCE.

A verdict of guilty in a prosecution for rape will not be disturbed, although the testimony of the prosecuting witness may have been contradictory in some particulars, where it appears

that she was a child of twelve years of age, apparently confused
and embarrassed by her position as witness and by the nature of
the examination, and where her statements as to the commis-
sion of the crime are supported by corroborative testimony.

SAME — IMPOTENCY.

Where the only evidence as to the impotency of a defendant
charged with rape is his own testimony, a verdict of guilty will
not be disturbed, when there is evidence tending to establish the
material facts showing guilt.

SAME — EXCLUSION OF TESTIMONY.

Testimony of a witness as to statements made to him by a
defendant charged with rape concerning the latter's impotency
was properly excluded, where the question was general and in-
definite as to time.

WITNESSES — CAPACITY OF CHILD TO TESTIFY — DISCRETION OF COURT.

The capacity of a witness of tender years to understand the
nature of an oath is a question for the discretion of the trial
judge, and will be disturbed on appeal only in cases where the
record shows manifest abuse of discretion.

SAME — CROSS-EXAMINATION.

Where a witness had not been examined in chief as to com-
plaints made by the prosecutrix at police headquarters as to
pains or injuries sustained by her as the result of an alleged
rape, cross-examination on the subject was not proper.

TRIAL — MISCONDUCT OF PROSECUTING ATTORNEY.

Misconduct of counsel cannot be urged on appeal, unless the
trial court was asked to correct it, and to properly instruct the
jury concerning same, followed by exception in case of the court's
refusal.

SAME — INSTRUCTIONS — CHARGE AS TO LESSER OFFENSES.

Where there is no evidence tending to support lesser offenses
than that charged in the information, it is not error for the court
to fail to instruct the jury that they may return a verdict of
guilty of the lesser offenses.

Appeal from Superior Court, King County.—Hon. AR-
THUR E. GRIFFIN, Judge.   Affirmed.

*Robert Welch* (*James Hamilton Lewis* and *Alex S.
Jeffs,* of counsel), for appellant.

*Walter S. Fulton,* Prosecuting Attorney, and *Vince H. Faben,* for the State.

The opinion of the court was delivered by

HADLEY, J.—Appellant was tried for the crime of rape, and a verdict of guilty was returned by the jury. A motion for new trial was denied, and judgment rendered upon the verdict, imposing a sentence of twelve years' imprisonment in the penitentiary. From said judgment this appeal is prosecuted.

It is first assigned as error that the verdict is unsupported by the testimony. It is urged that the testimony of the prosecuting witness is contradictory to the extent of being self-destructive. While her testimony may have seemed contradictory in some particulars, yet we think upon the whole record it is reasonable to conclude that the apparent inaccuracies were due to a misunderstanding upon her part as to portions of her examination. She was but a child of twelve years of age, and we think it reasonably appears from the record that she may have been embarrassed to the extent of showing some apparent confusion. Other corroborative testimony is such, however, that we think her testimony can by no means be said to be self-destructive. The appellant is a man of mature years, and was fifty years of age at the time of the alleged crime. The evidence shows, without contradiction, that the two were together in appellant's sleeping room at night; that both were disrobed, and had been together occupying the appellant's bed. The officers found them both in a disrobed condition when they entered the room, and appellant himself admits that they had been occupying the bed together. The child testified, and in this she is corroborated by the woman who kept the place, that she went to appellant's lodging house in search of her sister, who, it

appears, had been lodging there for a time. Appellant knew her sister, and the child met him in the hall, and they talked about the sister. While waiting for the sister, she entered appellant's room. She remarked that she was hungry, and appellant went out and procured some food, which he brought to the room, and which she ate there. Soon after this, appellant left the room for a short time, and during his absence the child testifies that she felt ill and "threw up" what she had eaten. Upon appellant's return she told him of her illness, and he then gave her a glass of beer, a small portion of which she drank. There is no dispute as to the above-stated facts. The child further testified that soon after appellant's return to the room he locked the door, disrobed himself, and forcibly disrobed her, keeping his hand over her mouth meanwhile, and thereafter forcibly accomplished his purpose, which she plainly describes in her testimony. Appellant denies all this. He admits, however, that they were occupying the bed together when the officers rapped upon the room door, but denies any assault upon the child's person. While parts of the child's testimony may have seemed contradictory upon the subject of the accomplishment of the actual assault, yet her positive testimony upon that subject, we believe, was given in the light of a fuller understanding of the matter about which she was then interrogated, the apparent confusion being due, perhaps, to her extreme youth and to her embarrassment under her surroundings. Her testimony upon that subject, taken together with the attendant circumstances already detailed, was such as came within the peculiar province of the jury to weigh, and it cannot be said as a matter of law that it does not support the verdict.

It is further urged that the verdict is unsupported by the evidence because of certain testimony concerning the

alleged impotency of the appellant. The evidence upon that matter was subject to being weighed by the jury as any other evidence. The only testimony of a positive nature upon that subject was that of the appellant himself. The testimony of a physician introduced by appellant upon that matter was to the effect that he could not say that appellant was impotent from any physical appearances which he discovered upon a personal examination. The jury heard the testimony of appellant, and it was for them to pass upon its truthfulness when considered with all other facts and circumstances in evidence before them. It has been held by this court that a verdict will not be disturbed if there is evidence tending to establish the material facts necessary to show the guilt of the accused. *State v. Kroenert,* 13 Wash. 644 (43 Pac. 876); *State v. Murphy,* 15 Wash. 98 (45 Pac. 729); *State v. Maldonado,* 21 Wash. 653 (59 Pac. 489); *State v. Coates,* 22 Wash. 601 (61 Pac. 726). There was evidence in the case at bar tending to establish the material facts showing the guilt of the accused, and, unless errors are shown by the record, the verdict will not be disturbed.

It is assigned as error that the court denied appellant's motion to strike the testimony of the prosecuting witness on the ground that she did not understand the nature of an oath. The motion was not made until after the witness had testified in chief, and no objection upon that ground had been previously made to her testimony. But, even if it should be conceded that the objection is entitled to the same consideration it should have received at the beginning of her testimony, we think it sufficiently appears from the record that the witness fully understood the nature of her obligation in the premises. The capacity of a witness of tender years is a question for the discretion of the trial judge, and will not be disturbed except in cases of mani-

fest abuse of discretion. 16 Am. & Eng. Enc. Law (2d ed.), 270. No such abuse of discretion appears in this record.

It is assigned that the court erred in sustaining an objection to a question asked officer Freeman. The witness was present at the office of the captain of the police department when the prosecuting witness was there soon after the commission of the- alleged crime. After testifying in chief for the state, he was asked on cross-examination if the little girl made any complaint to the captain of the police about pains or injuries at the time above mentioned. Objection was made that it was not proper cross-examination as to any matter concerning which the witness had testified in chief, and that it was matter of defense. We think it was not error to sustain the objection for the reason above stated.

It is next assigned that the court erred in sustaining an objection to a question asked the witness Stanford. He was asked if the appellant had spoken to him in regard to his condition as to potency. The question was so general and indefinite as to time that the witness might have answered concerning such conversations with appellant occurring as recently as after the commission of the alleged crime, or even during the progress of the trial. Statements so recently made might well be objectionable as self-serving declarations. No question was asked the witness directing his attention to a time prior to the commission of the alleged offense, when such declarations on the part of appellant might be said to be free from the element of a self-serving purpose. It was not error to sustain the objection.

Misconduct of counsel on the part of the state is assigned as error, and a few extracts from the record are suggested as the basis of this assignment. We, however, find no

objection made to the alleged misconduct at the time it occurred. The court was not asked to correct counsel, and no exception appears in the record upon that subject. Misconduct of counsel cannot be urged here unless the trial court was asked to correct it and to properly instruct the jury concerning the same, followed by exception to the court's refusal so to do. *State v. Regan,* 8 Wash. 506 (36 Pac. 472.)

It is urged as error that the court failed to instruct the jury that they could return a verdict of assault and battery or of simple assault. No such instruction was requested by appellant, but he insists that the court erred in not giving it of its own motion. The court instructed the jury that they could return a verdict of guilty of rape or of assault with intent to commit rape, according as they should determine the facts, the necessary elements of each crime being first described in the instructions. There is no evidence in the record which supports or tends to support common assault and battery or simple assault. The prosecuting witness testified to no facts except those which constitute rape or assault with intent to commit rape, and the appellant denies that he made any assault upon her person of any kind. It cannot be said that a verdict of assault and battery or of simple assault could have been sustained by any evidence in this record. There being no evidence tending to support the lesser offenses named, it was not error for the court to fail to instruct the jury that they could return a verdict of guilty for the lesser offenses. This rule is announced in the following cases: *People v. Chavez,* 103 Cal. 407 (37 Pac. 389); *State v. Wood,* 127 Mo. 412 (27 S. W. 1114). See, also, 10 Enc. Pl. & Pr., 164.

In *State v. Woods,* supra, the court observed as follows:

"There was nothing in the evidence calling for an instruction on the lower grade for an assault to kill  .  . .  ;  and under such circumstances the court should not invite the jury to find for a lower grade than is made by the evidence."

Other errors are assigned upon the court's refusal to give certain requested instructions, but we think those requested instructions which it was proper to give were sufficiently covered in the instructions given by the court. The charge of the court appears to have been clear, pointed, and comprehensive as to the law governing the essential elements of the case. We think no error was committed either in the refusal to give or in the giving of instructions, and we believe a further detailed discussion thereof is unnecessary.

Finding no error, the judgment is affirmed.

FULLERTON, C. J., and DUNBAR, MOUNT and ANDERS, JJ., concur.