[No. 6619. Decided March 19, 1907.]

THE STATE OF WASHINGTON, *Respondent*, v. JACK HILL, *Appellant*.[1]

CRIMINAL LAW — EVIDENCE — SUFFICIENCY — CREDIBILITY OF WIT-NESSES. The evidence in a criminal case cannot be said to be insufficient to warrant a conviction because based upon the evidence of a prosecuting witness who was a prostitute, as such fact only affects her credibility, which is a question for the jury; especially where the witness was corroborated.

WITNESSES — EXAMINATION — LEADING QUESTIONS — APPEAL — RE-VIEW. The allowance of leading questions is in the discretion of the trial court, and is ground for reversal only when the discretion is abused. ·

WITNESSES—CROSS-EXAMINATION—CRIMINAL LAW. In a prosecution for forgery, where defendant testified that he had spent part of the money obtained after arrival at V. in payment of the prosecuting witness' obligations, it is proper to ask on cross-examination, if he had not gambled it away en route to V., and whether he had not so stated to a certain person.

Appeal from a judgment of the superior court for What-com county, Neterer, J., entered October 2, 1906, upon a trial and conviction of the crime of forgery. Affirmed.

*E. J. Grover*, for appellant.

*Virgil Peringer* and *George Livesey*, for respondent.

FULLERTON, J.—The appellant was found guilty of having forged the name of one Julia Raab to a check on the First National Bank of Bellingham, and by means of the forged check, having obtained from the bank the sum of $295, the property of Julia Raab. This appeal is from the judgment pronounced upon the verdict of guilty.

The assignments of error set out in the brief can be reduced to two principal contentions: first, that the evidence was insufficient to justify a verdict of guilty; and second,

[1]Reported in 89 Pac. 160.

that the court erred in the admission of certain evidence. The contention that the evidence is insufficient to support the verdict is not based upon a want of evidence on any material allegation, but on the claim that the evidence adduced was so far unworthy of credence on certain material allegations as not to justify the jury in believing it. The evidence criticised is that of the prosecuting witness. It was shown that she had been a prostitute at one time, and it is this fact that the appellant urges renders her testimony unworthy of belief. But the fact that she had been a prostitute did not in law disqualify her from testifying. Her evidence was competent, however much the fact shown may have affected her credibility. And being competent, its credibility was for the jury, not the court. It may be true that this court has in certain extreme cases set verdicts aside where there was evidence tending to support the jury's finding, on the ground that it thought the evidence unworthy of belief. *State v. Payne*, 6 Wash. 563, 34 Pac. 317; *State v. Pagano*, 7 Wash. 549, 35 Pac. 387; *State v. Newton*, 39 Wash. 491, 81 Pac. 1002. But the general rule is that the weight and credibility of the evidence in a criminal case is for the jury, and that the appellate court will not disturb the verdict where the criminatory evidence is substantial, even though it might have found the other way were the question one over which it had original jurisdiction. *State v. Maldonado*, 21 Wash. 653, 59 Pac. 489; *State v. Coates*, 22 Wash. 601, 61 Pac. 726; *State v. Norris*, 27 Wash. 453, 67 Pac. 983; *State v. Bailey*, 31 Wash. 89, 71 Pac. 715; *State v. Kroenert*, 13 Wash. 644, 43 Pac. 867; *State v. Murphy*, 15 Wash. 98, 45 Pac. 729; *State v. Manville*, 8 Wash. 523, 36 Pac. 470; *State v. Ripley*, 32 Wash. 182, 72 Pac. 1036; *State v. Fair*, 35 Wash. 127, 76 Pac. 731.

The evidence in the case before us brings it within the general rule cited. Moreover, there was in the case corroborating evidence. The jury had before them the check itself, together with a number of the prosecuting witness' admittedly

genuine signatures, and a comparison of these with the signature on the check bore on the question of the truthfulness of her story. But there was no legal necessity for corroborating evidence. The jury was warranted in finding the defendant guilty on the evidence of the prosecuting witness alone; and having exercised that prerogative, this court has no lawful authority to interfere with its verdict.

An exception was taken to the ruling of the court permitting the witness to answer a question objected to because it was leading. But we find no reversible error in the ruling. To permit leading questions is always within the sound discretion of the trial court, and is ground for reversal only for an abuse of discretion. In this instance there was clearly no abuse of discretion.

The defendant was questioned concerning the disposition of the money he had collected on the alleged forged check, during the course of which he was asked if he had not gambled it away while on the way from Bellingham to Vancouver, B. C. On his answering in the negative, he was asked if he had not so stated to a certain person named by the questioner. Timely objections were interposed to the questions, which the trial judge overruled. It is now claimed that it was error to require the witness to answer. But the cross-examination was proper. The witness had testified that he had spent a part of the money after his arrival at Vancouver in payment of certain of the prosecuting witness' obligations, and this examination was pertinent to that statement.

There was no error in the record and the judgment will stand affirmed.

HADLEY, C. J., MOUNT, CROW, ROOT, and DUNBAR, JJ., concur.