[No. 9519.  Department Two.  August 8, 1911.]

BURTON W. KALBERG, *by his Guardian etc., Respondent*, v. THE BON MARCHE, *Appellant*.[1]

WITNESSES—QUALIFICATIONS—AGE—DISCRETION. Whether a boy nine years of age is competent to testify to an occurrence that happened three years previously, rests largely in the discretion of the trial judge, and admission of his testimony will not be disturbed when no abuse appears, and the jury were properly instructed as to its weight and their right to disregard it if they believed that he was testifying to his belief from suggestions rather than from an actual remembrance of the facts.

TRIAL—MISCONDUCT OF COUNSEL—ARGUMENT. A statement of an attorney in argument that he was thoroughly convinced from the facts proven of a certain fact in issue is nothing more than a conclusion and not misconduct requiring a reversal.

DAMAGES — PERSONAL INJURIES — EXCESSIVE VERDICT. A verdict for severe personal injuries will not be set aside as excessive where there was no indication of passion or prejudice, and the discretion of the jury was not abused.

Appeal from a judgment of the superior court for King county, Main, J., entered November 4, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a minor run over by a wagon.  Affirmed.

*Harold Preston* and *E. M. Carr*, for appellant.

*Jackson Silbaugh*, for respondent.

DUNBAR, C. J.—The respondent, Burton W. Kalberg, a minor, brought this action by his guardian *ad litem*, John E.

[1]Reported in 117 Pac. 227.

Kalberg, against the appellant, for damages for injuries alleged to have been sustained by Burton W. Kalberg by reason of his having been run over in a certain street or alley in the city of Seattle by a wagon belonging to the appellant, and driven by one of its drivers while engaged in the business of his master. Trial was had, and a verdict was rendered by the jury in favor of the respondent in the sum of $1,500. Motion for new trial was overruled, judgment was entered on the verdict, and from such judgment, this appeal is taken.

The first assignment is that the court erred in permitting the witness Vern Dean to testify over appellant's objection. Vern Dean was nine years old at the time of the trial, and the accident had occurred nearly three years prior to that time; and it is seriously urged by the appellant that the court should have held, as a matter of law, that the Dean boy could not, in the very nature of things, give upon the witness stand any account of the facts and circumstances connected with the injury of the plaintiff sufficient in law to base a verdict upon; especially by reason of the fact that so long a time had elapsed between the incident testified to and the time of the trial, and that his memory must have been aided by suggestions occurring during that interval. It is so well established that the permitting or refusing to permit a child to give testimony in an action at law rests largely in the discretion of the trial judge, that it is scarcely worth while to cite authorities on that question. It was said by this court, in *State v. Bailey*, 31 Wash. 89, 71 Pac. 715, that the capacity of a witness of tender years is a question for the discretion of the trial judge, and will not be disturbed except in cases of manifest abuse of discretion; citing 16 Am. & Eng. Ency. Law (2d ed.), page 270, where the cases on this question are collated. In the same volume, at page 268, it is said:

"Intelligence and not age is the proper test by which the competency of such witnesses must be determined; and where

it appears that an infant has sufficient intelligence to receive just impressions of the facts respecting which he is to testify, and sufficient capacity to relate them correctly, and has received sufficient instruction to appreciate the nature and obligations of an oath, he should be admitted to testify, no matter what his age."

This general rule is conceded by the appellant, but it is insisted that the circumstances in this case take it out of the rule. It does not necessarily follow that the memory may not be properly aided by suggestion during the interval elapsing between the occurrence of an accident and the time when the testimony is given. It must be true that the frequent dwelling of the mind upon a circumstance known, or an incident observed or experienced, will tend to strengthen the memory and aid the recollection; just as one who had talked about a circumstance frequently, and recalled it, would be more liable to recollect it correctly.

But if the appellant's contention is true, that phase of the case was covered by the instruction of the court to the jury in the following words:

"In addition to the other instructions I have given you regarding the weight to be given to the testimony of witnesses who appeared and testified before you, I instruct you that where a witness of tender years testifies to his recollection of an occurrence which took place several years before the time of giving the testimony, you have the right in considering such testimony, to consider the age of the witness, the length of time which has elapsed since the date of the occurrence regarding which he testifies, his ability to remember other facts or circumstances regarding such occurrence than the ones he testifies regarding, and his ability to remember other matters occurring about the same time, and from all those considerations to determine what weight is to be given to the testimony of such witness. If you should believe that such witness while testifying to what he believed to be the truth has in fact testified not to an acual present remembrance of what took place but what he believes from suggestion or from hearing others discuss the occurrence to be the truth, you have a right to and should disregard the testimony."

We have read carefully the examination of this witness by the court and by the attorneys, and are convinced that the court did not abuse its discretion in permitting the child to testify, and that, under the instructions of the court, the tesimony was properly submitted to the jury.

This also disposes of the second assignment of error, viz., that the court erred in denying appellant's motion that the testimony of the witness Vern Dean be stricken from the case and the jury be instructed to disregard it. There seems to be no merit in the third assignment of error, viz., the action of the court in denying appellant's motion for nonsuit. There was sufficient legal testimony, if believed by the jury, to sustain the verdict.

Appellant assigns error of the court in refusing to give certain instructions asked for, but those assignments do not appeal to us as being meritorious. The court correctly instructed the jury on the general principles of law applicable to the case, and that was sufficient.

It is also contended that the attorney for the plaintiff was guilty of misconduct in his argument to the jury. The record shows that the attorney for the plaintiff stated that "from the facts proven, I am as thoroughly convinced as anything in the world that the defendant's wagon ran over the child in the manner stated." We think this was nothing more than the statement of a conclusion from deductions made from the testimony, and that the jury could not have understood from the statement of counsel that he was intending to testify in the case.

It is also seriously contended that the verdict is excessive, and that it is the product of passion and prejudice on the part of the jury. From the history of this injury as found in the record, we are unable to adopt this view. There would seem to be no particular reason why passion and prejudice should exist in this case, the defendant being in the mercantile business in the city of Seattle. That the child was seriously injured appears from the testimony of the witnesses for the

defense as well as from the witnesses of the plaintiff. It is said by Thompson, in his Commentaries on the Law of Negligence, vol. 6, § 7348:

"The quantum of damages to be allowed in an action of tort is a matter peculiarly within the province of the jury, and especially is this the case with personal injuries where the law fixes no precise rule of damages. . . . . 'It is only where verdicts are palpably against evidence, or obviously the result of passion or prejudice, that courts are permitted to interfere upon the ground that the verdict is excessive or unauthorized by the facts.' 'The damages assessed by the jury may have been greater than the court would have awarded upon the evidence. But the parties are entitled to the judgment of the jury, and not of the court, upon that question; and courts will not set verdicts aside on the ground that damages are excessive or inadequate, unless it is apparent that the jury acted under some bias, prejudice, or improper influence, or have made some mistake of fact or law; mere difference of judgment is not sufficient.' 'The court cannot substitute its own sense of what would be proper for the verdict of the jury.' "

An examination of all the testimony in this case convinces us· that the discretion of the jury in this regard was not abused. The cause was fairly tried and submitted upon proper instructions.

The judgment will therefore be affirmed.

CROW, CHADWICK, MORRIS, and ELLIS, JJ., concur.