THE STATE, DEFENDANT IN ERROR, v. COLOGERO LO-
DICO, PLAINTIFF IN ERROR.

Submitted July 6, 1915—Decided October 15, 1915.

On error to the Supreme Court, in which court the follow-
ing *per curiam* was filed:

"The defendant was indicted and convicted of the crime
of subornation of perjury, alleged to have been committed in
inducing one Maria Diano to swear falsely in a suit brought
by her against the Public Service Railway Company to re-
cover the pecuniary loss sustained by her next of kin through
the death of her son Diego.

"It is first contended that there was no sufficient legal
proof to support the conviction, the reason being that of those
who testified directly to the incriminating facts, Maria Diano,
and one of her sons, were incompetent witnesses, because they
had already committed perjury; and that a third witness,
another son, was so young as to not justify his acceptance as a
witness. As to the third son, Guiseppe, we think his capacity
as a witness was for the trial court to determine, and that de-
termination is not reviewable here. As to the other two
witnesses, their testimony was received without objection.
Moreover, there was other testimony in this case upon which
the conviction rests, viz., that of Junker, chief of the statis-
tical record division of Ellis Island. There being some proof
to support the conviction, it is not the province of this court
to weigh the testimony.

"It is further contended before us that the testimony of
Junker, the witness above referred to, was incompetent, but
no objection was made to it at the trial, and no reason for
reversal is based upon its alleged incompetent character.

"It is further contended that it was error to permit Maria
Diano to testify as to her receipt of letters from the plaintiff
in error, because she could not know that they came from
him when she received them. But, as she testified that after

her reception of them the plaintiff in error himself told her that he had sent these letters to her, this contention is without merit.

"Lastly, we are urged to set aside this conviction because of the alleged erroneous ruling of the trial court in excluding the testimony of one John J. McGovern, recorder of the city of Hoboken, the purpose of which was to show that Maria Diano had made a statement before him, in his official capacity, which was contradictory of testimony given by her on the witness stand. If it was desired by this testimony to affect the credibility of Maria Diano, it could only be made admissible by first asking her whether she had not made such contradictory statement to the recorder. If it was offered as an admission by her, claimed to be binding on the state, it was incompetent, for the state is not bound by admissions made by a witness called by it, even if that witness be the complainant witness in the case. *State* v. *Hummer,* 72 *N. J. L.* 328.

"The judgment under review will be affirmed."

For the plaintiff in error, *Charles M. Eagan* and *A. Orestes Ciccarelli.*

For the defendant in error, *Robert S. Hudspeth,* prosecutor of the pleas.

PER CURIAM.

The judgment under review should be affirmed, for the reasons expressed in the *per curiam* opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, VREDENBURGH, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.   11.

*For reversal*—None.