[No. 13549.   *En Banc.*   March 13, 1917.]

THE STATE OF WASHINGTON, *Respondent*, v. OSCAR SMITH,
*Appellant.*[1]

WITNESSES—COMPETENCY—AGE OF WITNESS.   Under Rem. Code,
§ 1213, providing that children under ten years of age are competent
to testify if they appear capable of receiving just impressions and
relating them truly, the capacity of a witness of the age of eight
years is a question for the trial court, and no abuse of discretion is
shown in receiving her evidence where she evidenced her intelli-
gence and competency by an understanding of the oath and that it
was wrong to tell lies.

SAME.   Such a child is not shown to be incompetent by the fact
that her story was improbable and that she was more or less em-
barrassed and confused in detailing it.

RAPE—EVIDENCE—SUFFICIENCY.   A prosecution for the rape of a
child eight years of age is sustained, notwithstanding her story is
inherently improbable and uncorroborated, where she told a straight-
forward story substantially proving every allegation, and the ac-
cused lived with the child's mother under suspicious circumstances.

CRIMINAL LAW—APPEAL—EXCEPTIONS — REVIEW.   In a criminal
case, error cannot be assigned upon instructions to which no ex-
ceptions were taken, especially where it does not appear that the
accused was thereby deprived of a fair trial.

[1]Reported in 163 Pac. 759.

CRIMINAL LAW—APPEAL. An accused in a criminal case is not entitled to a new trial for infringement of the constitutional right to have competent counsel except in case of neglect or gross ignorance.

PARKER, J., dissents.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered April 12, 1915, upon a trial and conviction of rape. Affirmed.

*A. O. Colburn,* for appellant.

*John B. White* and *Joseph B. Lindsley,* for respondent.

HOLCOMB, J.—Appellant was informed against and convicted of the crime of carnal knowledge of a female child under the age of ten years. On this appeal he maintains that the eight-year-old prosecuting witness was not competent to testify because of her tender years, and that the admission of her testimony was error.

Rem. Code, § 1213, provides:

"The following persons shall not be competent to testify:—

"(1)   Those who are of unsound mind, or intoxicated at the time of their production for examination; and

"(2)   Children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly."

It is the settled rule of this court, together with most other jurisdictions, that "the capacity of a witness of tender years is a question for the discretion of the trial judge, and will not be disturbed except 'in cases of manifest abuse of discretion." *State v. Bailey,* 31 Wash. 89, 71 Pac. 715; *Kalberg v. The Bon Marche,* 64 Wash. 452, 117 Pac. 227; *State v. Myrberg,* 56 Wash. 384, 105 Pac. 622; *Brown v. State,* 76 Tex. Cr. 513, 176 S. W. 50; *State v. Lodico,* 88 N. J. L. 394, 95 Atl. 626; *People v. Swist,* 136 Cal. 520, 69 Pac. 223.

Before allowing the prosecuting witness to testify, the trial court examined her for the purpose of ascertaining whether she was competent so to do. During the course of

this examination, the prosecuting witness stated that she knew it was wrong to tell lies, that little girls who told lies went to the bad place, and when she took the oath it meant to tell the truth. As intelligence and not age is the proper test to be used in determining the competency of such witnesses, and as the prosecuting witness evidenced by her answers to the court's interrogatories an understanding of the oath administered to her and that it was wrong to tell falsehoods, and as the trial judge saw her and could judge of her intelligence and capacity, we think there was no abuse of discretion on the part of the trial court in allowing her to testify.

In this connection appellant also asserts that the story of the prosecuting witness is so improbable and full of contradictory statements as to render it self-destructive and show that she was not competent to testify. While the prosecutrix did say that her aunt told her what to say, in explaining this statement later she said her aunt told her to tell the truth. Even though she did contradict herself in several minor details, it does not necessarily follow that she is incompetent as a witness or that her testimony is self-destructive, for it is not surprising that she should be more or less embarrassed and confused in detailing this harrowing tale in surroundings completely new to her. It is not to be expected that she could so do in the same cool, calm, deliberate and coherent manner that would be expected from a person of mature years. She showed capacity to understand what was done to her and to relate it in a straightforward manner; and the mere fact that, when confused and embarrassed by her unaccustomed surroundings and severe experience, she made conflicting statements on some matters should not of itself render her incapable of testifying, when we know that such differences often occur in the testimony of otherwise apparently credible adult witnesses.

It is also claimed by appellant that the evidence is insufficient to support the verdict. The contention is that the

story related by the prosecutrix is so impossible as to be unworthy of belief, because of certain evidence introduced by appellant's witnesses to the effect that the act which prosecutrix testified was committed on her by appellant could not possibly have been done without leaving abrasions on the body of prosecutrix; that no such abrasions were found after an examination of prosecutrix by physicians; that, shortly after the alleged act upon which this prosecution is based, prosecutrix was found to be suffering with a venereal disease; that an examination of appellant disclosed he had no such disease, nor had he been treated for the same during the time he was confined in jail, which commenced shortly after the occurrence of the alleged act, and that prosecutrix, at least once, had had improper relations with a young boy. However, the prosecutrix told a straightforward story which substantially proved every allegation of the complaint and which, if believed by the jury, together with the fact that appellant lived with the prosecutrix's mother under suspicious circumstances, was sufficient to sustain a verdict of guilty thereon.

Although the rule may be in some jurisdictions that, where the testimony is inherently improbable and uncorroborated, the court will set aside a verdict of a jury, this court has held in a long line of cases that a verdict will not be disturbed if there is competent and material evidence tending to establish the material facts necessary to show the guilt of the accused. *State v. Bailey*, 31 Wash. 89, 71 Pac. 715; *State v. Bailey*, 67 Wash. 336, 121 Pac. 821; *State v. Pacific American Fisheries*, 73 Wash. 37, 131 Pac. 452; *State v. Jakubowski*, 77 Wash. 78, 137 Pac. 448; *State v. Newall*, 86 Wash. 75, 149 Pac. 324.

In the case at bar, the testimony of prosecutrix, if believed by the jury in preference to the other evidence which tended to show that her story was improbable and unworthy of belief, was sufficient to sustain the verdict; and the jury did believe the prosecutrix as evidenced by their verdict.

Under such circumstances, this court cannot set aside the verdict complained of even though our opinion as ·to the facts be to the contrary, for by so doing we would be usurping the functions of the jury and passing on the credibility of witnesses, which is solely the jury's duty and function.

Appellant was committed to the state penitentiary, which is now claimed to be unlawful because the motion for a new trial was never disposed of. Appellant's abstract recites that the motion for a new trial was denied, and this contention is obviously without merit.

It is next asserted that the court erred in instructing the jury that all the evidence, if any, of acts on the part of the appellant, other than the one charged in the information, was in effect merely corroborative, because there was no evidence of any other acts and it, therefore, constituted a comment on the evidence by the court contrary to § 19, art. 4, of the state constitution. This contention cannot be sustained, as no timely exception was taken to the instruction complained of. While it is true that in *Freidrich v. Territory*, 2 Wash. 358, 26 Pac. 976, this court held that, in capital cases where error was patent on the face of the record and the accused was deprived of a fair and impartial trial thereby, the appellate court should not allow a technical omission to deprive him of a new trial, we do not think the facts here bring this case within this rule, since there was no showing that appellant was prejudiced by such instruction or that he was deprived of a fair. and impartial trial by reason of an error patent on the record. Nor do we think that it can be successfully contended that he was so prejudiced, for this instruction· does not necessarily give the impression that there was evidence of other acts on the part of appellant besides the one charged in the information, because the words "if any" used therein clearly show that the instruction was qualified and conditional and based on a possibility rather than a fact assumed.

Appellant's present counsel was not in the case at the time it came to trial, and it is now urged that appellant did not have his constitutional right to have competent counsel, because of the ignorance and neglect of his trial counsel. We have examined the record and find no such neglect or gross ignorance on the part of the trial counsel as to warrant us in granting a new trial for that reason.

We feel impelled to the conclusion that there was no error occurring in the trial which warrants a reversal.

Judgment affirmed.

ELLIS, C. J., MOUNT, MAIN, and FULLERTON, JJ., concur.

PARKER, J. (dissenting)—I cannot bring myself to the conviction that the evidence in this case has that certainty which the law contemplates shall be required to support a judgment of life imprisonment against an accused. I am not prepared to say that the testimony of the child prosecuting witness was erroneously received by the learned trial judge, but I am of the opinion that her testimony alone, and, as I view the record, there is no other evidence of any consequence against the accused, should not be regarded as sufficient to support this judgment without corroboration. I think, in the light of the admitted physical facts, which seem so contradictory of her story, her testimony should not be regarded as that of a witness needing no further corroboration. As I view the case, the appellant should at least be granted a new trial, though I do not lose sight of the general rule that the granting or refusing of a new trial is within the sound discretion of the trial court. This, however, is, in substance, a capital case involving the highest penalty known to the law of our state, and, in such cases, it seems to me that the appellate court should feel at liberty to view this discretion of the trial court in some degree more critically than in a case of less moment.