[No. 15638.   Department Two.   March 23, 1920.]

EMMA WILKERSON *(formerly Emma McGinn)*, *Appellant*, v. CHRISTOPHER McGINN, *Respondent*.[1]

WITNESSES (11)—COMPETENCY—AGE AND MATURITY—DISCRETION. The competency of a child seven years of age to testify rests in the discretion of the trial court, to be disturbed only for manifest abuse.

DIVORCE (104)—CUSTODY OF CHILD—MODIFICATION OF DECREE—EVIDENCE—SUFFICIENCY. Upon application for the modification of a decree as to the custody of children, their welfare is the controlling question.

Appeal from a judgment of the superior court for Yakima county, Holden, J., entered June 18, 1919, upon findings in favor of the defendant, in proceedings to

[1] Reported in 188 Pac. 472.

modify a decree of divorce as to the custody of children, after a trial on the merits to the court. Affirmed.

*Frank J. Allen,* for appellant.
*Gay & Griffin,* for respondent.

TOLMAN, J.—Appellant and respondent were divorced in 1915, and by the decree appellant was given the custody of their daughter, and respondent was given the custody of their two sons, now aged about fourteen and seven years. Respondent, after the divorce, made his home in Seattle with his sons, and early in the year 1919 the sons were permitted to visit their mother, the appellant, in Yakima county; and while so with her, appellant filed a petition in the court where the decree of divorce had been entered, alleging that the husband had failed to properly care and provide for, manage, and control the children while in his custody; that he was an unfit person to have such custody, and prayed for a modification of the prior decree so as to award the custody of these two children to appellant.

Respondent, by answer and cross-petition, attacked the character and fitness of appellant to have the custody of any of the children, and sought to have the decree so modified as to award the custody of all three of the children of the marriage to him.

The trial court, after a full hearing, found that each was a fit and proper person to have the custody of the children; that the charges of each against the other had not been proven, and because the older son, Roy, had reached the age of fourteen years, and had expressed a preference to be with his mother, the prior decree was modified to that extent only. From that part of the decree denying a like modification as to the younger son, Ralph, this appeal is prosecuted.

Error is assigned upon the finding that the respond-

ent is a fit and proper person to have the custody of the son Ralph, and because the trial court refused to award the custody of Ralph to appellant, and also upon the ruling of the court refusing to permit Ralph to testify upon the trial below, though the latter assignment is not argued. In view of our statute, Rem. Code, § 1213, it is apparent that the competency of this child of seven years of age to testify was a matter peculiarly within the discretion of the trial court, and his ruling would be disturbed only where abuse of discretion was manifest. No such abuse of discretion appears here.

The other points involved raise questions of fact only, necessitating a study of the evidence, and we have given the testimony that consideration which the importance of the matter demands, vitally affecting, as it does, the future welfare of a child of tender years. In view of the fact that the court has twice found the father a fit and proper person to have the custody of this child, we, without his opportunity to see and study the characteristics of the parents, would be slow in any event to substitute our judgment for his; and though we have tried to visualize these parents in the light of the testimony, in which each sought to lay bare the faults of the other, we cannot, from the cold type before us, conclude that either succeeded to a degree which would warrant any change in the custody of the children, or either of them.

We are cognizant of the fact that the welfare of the children and not the wishes of the parents should govern the court in matters of this kind, and that, when parents are divorced, children often innocently suffer even though the court has acted with the greatest wisdom. The responsibility for this lies not with the court, but with parents who break those ties meant to be dissolved only by death. The court can only deal with the situation as it is, and cannot restore to the

child that which, but for the separation of the parents, it would have enjoyed. We are satisfied that the trial court was actuated by a desire to advance the welfare of the child, and from the evidence we can find nothing which establishes or seriously indicates that he erred in his judgment.

The judgment appealed from is affirmed.

HOLCOMB, C. J., BRIDGES, FULLERTON, and MOUNT, JJ., concur.