[No. 19554. Department One. December 14, 1925.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM TENNEY, *Appellant.*[1]

[1] WITNESSES (60)—EXAMINATION—LEADING QUESTIONS—CHILD OF TENDER YEARS. It is not an abuse of discretion to permit a leading question to a child of tender years.

[2] TRIAL (38)—RECEPTION OF EVIDENCE—MOTION TO STRIKE—NECESSITY. Error cannot be predicated upon overruling an objection to a question where no answer was made and no further questions asked, and no motion was made to strike.

Appeal from a judgment of the superior court for Clarke county, Simpson, J., entered March 11, 1925, upon a trial and conviction of statutory rape. Affirmed.

*W. W. McCredie* and *McMaster, Hall & Schaefer,* for appellant.

*Jos. E. Hall* and *Dale McCullen,* for respondent.

ASKREN, J.—Appellant was convicted of the crime of attempting to have carnal knowledge of a female child, twelve years of age, and assigns three grounds for reversal.

He complains that the court permitted the prosecuting attorney to ask a leading question regarding a vital portion of the case, and urges that it was an abuse of discretion to permit it.

The question asked was: "Q. When Mr. Tenney was in bed with you that night, did he put his private parts up against yours or in yours? A. Yes."

[1] The record shows that, after the question was answered, counsel for appellant entered an objection because the question was leading. No motion to strike was made. Assuming that the objection made after

[1]Reported in 241 Pac. 669.

the answer was of any avail, we are still of the opinion that the question was proper. The witness, a girl of twelve years, immediately prior to the question in controversy, had been asked if she understood what it meant for persons to have sexual intercourse, and she answered, no. It is the rule that, with witnesses of tender years, wide latitude is allowed in examination of the witness, and we think it clear that the trial court did not abuse the discretion vested in it. *State v. Hill*, 45 Wash. 694, 89 Pac. 160; *State v. Hanson*, 133 Wash. 527, 234 Pac. 28.

The second ground for reversal is that the court erred in permitting certain questions on re-direct examination as to a Mrs. Shea, mentioned for the first time upon cross-examination of the prosecutrix. The witness testified, upon cross-examination, that Mr. Bowman, the county probation officer, had taken her in charge the morning after the occurrence which was the basis of the criminal charge. A number of questions were asked as to whether, when she was taken in charge by the officer, she was excited, and whether he had scared or frightened her. Then she was asked:

"Q. Has anyone prompted you on what to testify in this case? Has anyone told you what to say on the stand? A. Yes. Q. Who told you? A. Mrs. Shea."

A number of questions were also asked the witness as to whether the probation officer, the sheriff, or deputy sheriff or other officers had told her what to testify to. No question was asked or answered indicating whom Mrs. Shea was. Upon re-direct examination, the state brought out that Mrs. Shea was acquainted with Mr. Tenney, and that she had worked for him. Upon a question as to how long Mrs. Shea had worked for Tenney, an objection was entered by appellant's counsel, which was overruled; but the

witness did not answer the last question, nor were any further questions asked along this line.

[2]  Appellant's contention is that it was proper for the state to show that Mrs. Shea was not connected with the sheriff's office, but improper to show that she was acquainted with appellant. But, since the record shows that no questions were asked or answered after the objection was made, and no motion made to strike the testimony, we cannot think that there is error in this regard.

The other assignments of error have their bases in the contention of appellant that the evidence was insufficient to justify either the submission of the case to the jury or warrant the verdict which followed. To discuss the evidence relating to these assignments of error would be to relate facts shocking and revolting in their nature, and would serve no useful purpose in any other case. We have examined the evidence with care, and find that there was substantial evidence upon all of the material facts required to be shown in a case of this character, which, if believed by the jury, would warrant them in finding a verdict of guilty.

The judgment of the trial court is right, and it is affirmed.

TOLMAN, C. J., HOLCOMB, MAIN, and FULLERTON, JJ., concur.