## ANTELOPE v. UNITED STATES.
### No. 4130.

United States Court of Appeals
Tenth Circuit.

Nov. 1, 1950.

Walter B. Phelan and Louis Mankus, Cheyenne, Wyo., for appellant.

J. J. Hickey, U. S. Atty., and John S. Miller, Asst. U. S. Atty., Cheyenne, Wyo., for appellee.

Before HUXMAN, MURRAH, and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, Woodrow Antelope, a full-blood Indian, was charged by information filed in the United States District Court for the District of Wyoming with the crime of statutory rape upon Eldine Haskins, an Indian girl under the age of 16 years.[1] He was found guilty by a jury and was sentenced by the court.

The assignments of error upon which the appeal is predicated may be summarized as follows:

1. That the age of the prosecutrix was not sufficiently established as being under the statutory age.

2. Abuse of discretion of the court in allowing prosecuting attorney to ask leading questions of the prosecutrix.

3. That the Government failed to prove appellant guilty beyond a reasonable doubt, and that the verdict of the jury is therefore contrary to the evidence.

The record fails to sustain any of these contentions. Eldine Haskins, the prosecutrix, testified that she was 13 years of age at the time of the alleged offense. She gave the date of her birth. Testimony by one as to his age and the date of his birth is in a sense hearsay, but is an exception to the rule that hearsay testimony may not be received in evidence. Courts generally recognize that one is competent to testify as to his age and the date of his birth although of necessity such facts are based upon hearsay and family history.[2] There is nothing in the record indicating that Eldine did not have sufficient capacity to testify as to her age.

Likewise, the contention that the court committed reversible error in permitting the District Attorney to ask Eldine leading questions is without merit. The prosecuting witness here was a young, timid Indian girl. She was in strange surroundings. The questions, of necessity, were embarrassing to her. She testified in a timid, halting manner. Under these circumstances, it was necessary to ask her some leading questions to elicit from her the material facts. It is sufficient to say that we have examined the record and conclude that no reversible error was committed in permitting such leading questions as were asked.[3]

Finally, it is urged that the evidence did not prove appellant guilty beyond a reasonable doubt, and that, therefore, the verdict was not supported by the evidence.

There was a clear conflict in the evidence. Eldine's testimony and that tending to support her was sufficient to establish that the crime was committed and that appellant was guilty. She testified to facts which constituted the offense and testified positively that appellant was the guilty offender. That the offense was committed is established beyond doubt because a child was born to her.

1. 18 U.S.C.A. § 1153.

2. State v. Miller, 71 Kan. 200, 80 P. 51; Harris v. Hart, 49 Okl. 143, 151 P. 1038; Commonwealth ex rel. Park v. Joyce, 316 Pa. 434, 175 A. 422; People v. Pennell, 315 Ill. 124, 145 N.E. 606; Loose v. State, 120 Wis. 115, 97 N.W. 526; People v. Ratz, 115 Cal. 132, 46 P. 915; 39 A.

L.R. 381; Wigmore on Evidence, Vol. II, Sec. 667; 2 Jones on Evidence, Sec. 303.

3. State v. Miller, 71 Kan. 200, 80 P. 51; Meredith v. Commonwealth, 265 Ky. 380, 96 S.W.2d 1049; State v. Tenney, 137 Wash. 47, 241 P. 669; State v. Davis, 20 Wash.2d 443, 147 P.2d 940.

Appellant's defense in large part was an alibi. He testified that he did not know the prosecutrix and had never seen her prior to the time that he was arrested for the offense and identified by her. But Eldine's grandmother testified that she had seen the prosecutrix and appellant together in her tent prior to the date of the alleged offense. To establish his alibi, appellant offered the testimony of Andrew Whitehawk, an Indian. He testified that he was with appellant from 3 P.M. until 11 o'clock at night on the day that the offense was committed and that no one else was with them during that time. The weight and credibility of this testimony, as well as other testimony offered in appellant's behalf, was for the jury and it resolved the issue against him. The jury, upon conflicting evidence, found appellant guilty. Its verdict is supported by substantial evidence and we find no reversible error in the record.

Affirmed.