[No. 36280.   Department One.   February 14, 1963.]

THE STATE OF WASHINGTON, *Respondent*, v. STANLEY ARTHUR
RIDLEY, JR., *Appellant*.*

*Lawrence K. McDonell* (of *Regal & McDonell*), for appellant.

*Charles O. Carroll* and *Mary A. Wicks*, for respondent.

HILL, J.—The defendant, Stanley Arthur Ridley, Jr., appeals from a judgment and sentence entered after a verdict of guilty on each of three counts charging certain moral offenses against each of his three stepchildren (*i.e.*, count No. 1 charged indecent liberties against a boy then aged 9; count No. 2, indecent liberties against another boy then aged 7; and count No. 3, sodomy against a girl then aged 4.

*Reported in 378 P. (2d) 700.

For obvious reasons, the names of the children are not used.

The appellant's contentions are that the evidence does not justify the verdict on any count, and, most vigorously urged, that the trial court erred in admitting the testimony of the girl, because of her extreme youth. This latter contention we will consider first.

RCW 5.60.050 provides, *inter alia*:

"The following persons shall not be competent to testify:

" . . .

"(2) Children under ten years of age, who appear incapable of receiving just impressions of the facts, respecting which they are examined, or of relating them truly."

The girl was born on May 28, 1956. The offense against her with which the appellant was charged was alleged to have been committed between July 1, 1960, and December 31, 1960, and the trial commenced October 4, 1961. At that time, she was 5 years and 4 months old, and she was describing an incident which allegedly had occurred between 9 months and 15 months earlier.

The girl was not, by reason of her youth, as a matter of law, disqualified as a witness. The authorities on this point are legion, but perhaps none state the matter more clearly and concisely than the United States Supreme Court in *Wheeler v. United States* (1895), 159 U. S. 523, 40 L. Ed. 244, 16 S. Ct. 93, in holding that a 5½-year-old child was competent to testify in a murder trial (concerning a homicide he had witnessed when he was 4 years and 11 months old). The court there said:

"That the boy was not by reason of his youth, as a matter of law, absolutely disqualified as a witness, is clear. While no one would think of calling as a witness an infant only two or three years old, there is no precise age which determines the question of competency. This depends on the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well as of his duty to tell the former. The decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence as well

as his understanding of the obligations of an oath. As many of these matters cannot be photographed into the record the decision of the trial judge will not be disturbed on review unless from that which is preserved it is clear that it was erroneous. These rules have been settled by many decisions, and there seems to be no dissent among the recent authorities. . . ."

A survey of the cases during the intervening 67 years (greatly facilitated by an excellent article by the Honorable Charles F. Stafford, 37 Wash. L. Rev. 303 (Autumn, 1962)), convinces us that the foregoing is still an accurate statement of the law.

The trial court permitted the girl to testify, being satisfied that she met the requirements of our statutes, which, stated affirmatively, are: A child, under 10, must be capable of receiving just impressions of the facts concerning which he or she testifies, and capable of relating the facts truthfully.

In *State v. Collier* (1945), 23 Wn. (2d) 678, 162 P. (2d) 267, we had a similar case before us, and we there quoted approvingly from *State v. Smith* (1917), 95 Wash. 271, 163 Pac. 759, the following:

" 'It is the settled rule of this court, together with most other jurisdictions, that "the capacity of a witness of tender years is a question for the discretion of the trial judge, and will not be disturbed except in cases of manifest abuse of discretion." *State v. Bailey*, 31 Wash. 89, 71 Pac. 715; *Kalberg v. The Bon Marche*, 64 Wash. 452, 117 Pac. 227; *State v. Myrberg*, 56 Wash. 384, 105 Pac. 622.' "

To these citations, we added: *Getty v. Hutton* (1920), 110 Wash. 124, 188 Pac. 10; *Wilkerson v. McGinn* (1920), 110 Wash. 454, 188 Pac. 472; *State v. Priest* (1925), 132 Wash. 580, 232 Pac. 353; *State v. McMullen* (1927), 142 Wash. 7, 252 Pac. 108; *State v. Standish* (1942), 14 Wn. (2d) 39, 127 P. (2d) 255.

We find nothing in the record to cause us to question the trial court's judgment in permitting the girl to testify. There could be no doubt that the girl and the appellant, in his signed and tape-recorded statement, were describing the same incident; nor is there any doubt that it constituted

sodomy as charged in the information. As a witness, he denied that the incident with the girl referred to in his statement had ever happened; however, he at no time denied that he had made the statement, nor did he ever contend that it was coerced.

There was no error in permitting the girl to testify; and the evidence was sufficient to justify the jury finding the appellant guilty of sodomy on count No. 3.

■ Of the indecent liberties with which the appellant was charged in counts Nos. 1 and 2, involving the two boys then of the ages of 7 and 9, little needs to be said. There was no challenge to the competency of the boys as witnesses, and it was simply a question of whether the jury believed the boys or the appellant. The boys were understandably reluctant to testify, and leading questions were justified under the circumstances. *State v. Davis* (1944), 20 Wn. (2d) 443, 446, 147 P. (2d) 940. See, also, *State v. Tenney* (1925), 137 Wash. 47, 241 Pac. 669. Concededly, the record of questions and oral answers tells but little. The gestures of the boys when asked to indicate where and how the defendant touched them (which could not be photographed into the record) could have been, and apparently were, convincing to the jury.

The trial judge refused to grant a new trial, and it was obvious that he, like the jury, had been convinced by the children as he made the sentences on the three counts run consecutively.

The evidence clearly supports the verdict on count No. 3, and we are unable to say that it does not support the verdict on counts Nos. 1 and 2. We therefore affirm the judgment and sentence appealed from.

WEAVER, ROSELLINI, and HUNTER, JJ., concur.