Allen SWAFFORD, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Aug. 21, 1975.

O. W. McKenzie, James W. McKenzie, Dayton, for appellant.

R. A. Ashley, Jr., Atty. Gen., Etrula R. Trotter, Asst. Atty. Gen., Nashville, J. William Pope, Jr., Dist. Atty. Gen., Pikeville, for appellee.

## OPINION

O'BRIEN, Judge.

This is an appeal from judgment on a jury verdict in the Criminal Court of Rhea County, finding defendant guilty of unlawful carnal knowledge of a female under twelve years of age. Sentence was fixed at twenty years in the penitentiary.

By Assignment No. 1 it is contended the testimony preponderates in favor of the innocence against the verdict of guilt found by the jury; and by No. 7 it is said there was not any reliable testimony introduced sufficient to convict defendant.

The evidence in this case came through the unequivocal testimony of the two minor children of the defendant, one of whom he had forced into participating in sexual intercourse. Although corroboration is not required in a case of this nature, *Curtis v. State,* 167 Tenn. 427, 70 S.W.2d 363, the testimony of the children was corroborated by that of a police officer to whom a complaint was made, by the physician who examined the child and found physical condition of her sexual parts indicated she had been sexually assaulted within the previous ten or twelve hours, and by introduction of her blood stained panties into evidence, which she stated she had worn immediately subsequent to the intercourse.

The defendant took the stand and denied his guilt of the offense, but says he was intoxicated and did not remember any of the events which occurred on the night of the offense with which he was charged.

■ He has failed to carry the burden imposed on him on review to show that the evidence preponderates against the verdict of the jury and in favor of his innocence. *Yearwood v. State,* 2 Tenn.Cr.App. 552, 455 S.W.2d 612. The evidence offered by the state adequately established the offense.

*Walker v. State,* 197 Tenn. 452, 273 S.W.2d 707.

■ The second assignment raises an objection to the conduct of the attorney general in leading the witnesses in the course of the trial.

The victim of the offense was nine years of age and her sister who testified was a year younger. We find no abuse of the trial court's discretion in permitting leading questions asked of these witnesses. *Phipps v. State,* Tenn.Cr.App., 474 S.W.2d 154. This rule is sustained by the overwhelming weight of authority in many other jurisdictions. *State v. Tenney,* 137 Wash. 47, 241 P. 669; *People v. Tober,* 241 Cal.App.2d 66, 50 Cal.Rptr. 228; *State v. Pearson,* 258 N.C. 188, 128 S.E.2d 251; *State v. Bennett,* 158 Me. 109, 179 A.2d 812; *State v. Burton,* 174 Neb. 457, 118 N.W.2d 502.

■ Defendant complains of conflicts in the testimony of the assault victim.

We have read the record and do not find any greater conflict in her testimony that one might expect of a nine year old child. Such conflicts as existed, which were not corrected on either direct or cross-examination, are only to be considered insofar as the credibility of the child was concerned and not as to their admissibility.

■ Defendant says it was error to allow a pair of panties worn by the child to be introduced into evidence over objection of the defendant.

It is within the discretion of a trial judge to admit into evidence articles of clothing worn at the time of the crime by the victim thereof, provided they throw light on some issue, or assist the jury in some material matter, and provided they are properly identified and are in substantially the same condition as at the time of the offense. See Volume 22A, C.J.S. Criminal Law § 713b. We find no abuse of discretion in the admission of this article of clothing.

By his fifth assignment, defendant apparently complains of error in allowing the

testimony of a police officer in regard to the complaint made by the child victim. There is no validity to this assignment. *Cook v. State,* 172 Tenn. 42, 109 S.W.2d 98; *Klaver v. State,* Tenn.Cr.App., 503 S.W.2d 946.

By the sixth assignment it is said the testimony of the two child witnesses was contradictory of each other.

Our review of this record satisfies us that the testimony of these witnesses was basically the same with only minor discrepancies which were immaterial to the issue of whether or not the defendant made a sexual assault on the victim. Immaterial discrepancies in the statements of witnesses do not affect their credibility, unless there is something to show that they originate in willful falsehood. *Vincent v. State,* 50 Tenn. 120.

Finally, it is contended that the district attorney general's conduct in cross-examining a witness and his closing argument, inflamed the minds of the jury and prejudiced them against the defendant.

In each instance where objection was made to the conduct or argument of the attorney general the objection was sustained by the court. The closing argument is not included in the Bill of Exceptions and the assignment in that regard cannot be considered. We find no prejudice to the defendant.

All assignments of error are overruled and the judgment of the trial court affirmed.

RUSSELL and DUNCAN, JJ., concur.