[No. 4629.   Decided July 8, 1903.]

The State of Washington, *Respondent,* v. M. R. Ripley, *Appellant.*

APPEAL — SUFFICIENCY OF EVIDENCE.

Where there is evidence to support the verdict in a criminal prosecution, although it may not be of the most convincing kind, the verdict will not be disturbed on appeal on the ground of the insufficiency of the evidence.

SAME — HARMLESS ERROR — REFUSAL TO STRIKE TESTIMONY.

The denial of a motion to strike the answers of a witness to improper questions, to which no objection had been interposed, cannot be urged as error when the answers were not prejudicial to appellant.

SAME — IMPROPER EXAMINATION OF WITNESS.

The attempt to affect the credibility of a witness by asking him if he had ever been arrested for robbery was harmless error, where the witness answered that he was acquitted of the charge.

TRIAL — ADJOURNMENT TO PROCURE WITNESSES — DISCRETION OF COURT.

The granting or refusing an application by the accused for the adjournment of a trial to enable him to procure the attendance of absent witnesses is a matter within the discretion of the trial court, whose action will not be disturbed in the absence of a showing of abuse of such discretion.

EVIDENCE — ADMISSIBILITY OF HEARSAY FOR PURPOSES OF EXPLANATION.

Where a conversation by one of the state's witnesses to the effect that the accused would not get out of jail before he would be arrested again had been put in evidence, it was not error to permit such witness, in explaining his conversation, to show that he understood there were other warrants out for the arrest of accused, even though such testimony as to the warrants was mere hearsay.

SAME — EXAMINATION OF WITNESSES — REBUTTAL.

Where testimony had been introduced by the defense tending to convey the impression that a conspiracy existed among the state's witnesses to wrongfully convict the accused, it was not error to permit the state, in rebuttal, to introduce evidence in denial of such alleged plot.

SAME.

In such a case, evidence in rebuttal was also admissible for the purpose of showing the reputation as a peaceful, law-abiding citizen of a person who was not present at the trial, but who, a witness of the accused had testified, had threatened a witness who intended to appear in the interest of the accused.

ROBBERY — EVIDENCE — RES GESTAE.

Statements made immediately on recovering consciousness by one who had been knocked down and robbed, are admissible as

part of the *res gestae*, although made in the absence of the
accused and by one who had been drinking just prior to the
blow, since the weight to be attached to such statements owing
to the mental condition of the witness at the time was for the
jury to determine.

Appeal from Superior Court, Snohomish County.—Hon.
JOHN C. DENNEY, Judge. Affirmed.

*Silas M. Shipley,* for appellant.

*H. D. Cooley,* Prosecuting Attorney, for the State.

The opinion of the court was delivered by

HADLEY, J.—Appellant and one Graham were jointly
charged with the crime of robbery, alleged to have been
committed at Silverton, in Snohomish county. Separate
trials were demanded, and at the trial of appellant the jury
returned a verdict of guilty. A motion for new trial hav-
ing been denied, the court sentenced the appellant to serve
a term of ten years' imprisonment in the penitentiary, and
entered judgment accordingly. This appeal is from said
judgment.

It is assigned that the evidence is insufficient to estab-
lish robbery, and that the verdict should have been set
aside. We do not deem it necessary to review the testi-
mony here. We have read all the evidence, and find some
conflict as to the amount of money the complaining witness
may have had upon his person, and also as to other facts;
but we are satisfied that there was ample evidence to sus-
tain the verdict, if the jury believed it to be true. That
they found it to be true is shown by the verdict itself, and
since it was the province of the jury to pass upon the
weight of the testimony, we shall not disturb the verdict on
that ground alone. This court has heretofore announced
that it will not disturb verdicts of this character, on the

ground of alleged insufficiency of evidence, where there is evidence to support the verdict, although it may not be of the most convincing kind. Both the jury and the trial court have the opportunity to hear and see the several witnesses, to note their manner as to apparent candor and truthfulness, and are therefore better prepared to pass upon the credibility of their testimony than is this court with only a bare record of the words spoken by the witnesses. The weight of the evidence having been first passed upon by the jury, and next by the trial judge in denying the motion for new trial, we shall not undertake to say that they were wrong. *State v. Kroenert,* 13 Wash. 644 (43 Pac. 876); *State v. Murphy,* 15 Wash. 98 (45 Pac. 729).

It is assigned that the court erred in the following particulars: A witness for the defense was being cross-examined by the prosecuting attorney. He was asked if he did not know that the appellant had "rolled any number of people up there in Silverton," and further if he did not know that he "rolled one man up there, and when the officer went for him he gave the money back he took from him." Also if he did not know as a fact "that the better element in Silverton looked upon him as a crook." Appellant's counsel then demanded of the prosecuting attorney the name of the officer to whom he had referred. Thereupon counsel for the state replied: "If you want the name, I will get it and give it to you." Appellant's counsel then stated that he wished to have the officer subpœnaed, and asked the court to adjourn the trial until the officer could be brought before the court to testify. The request was denied. Appellant's counsel then moved to strike from the record all the evidence in regard to what the prosecuting attorney had stated concerning

"rolling somebody else or giving any money back to any officer." The motion was denied. It is contended that the court erred in permitting the prosecuting attorney to cross-examine the witness in the manner above indicated, although no objections were interposed at the time the questions were asked, on the theory that it was the duty of the trial court to interfere of its own motion and protect the appellant against a violation of his constitutional right to a fair and impartial trial. We do not think any constitutional right was violated by permitting the questions, when no objections were offered. The appellant being represented by counsel, the court might have reasonably assumed that for some reason best known to appellant and his counsel they actually desired that the examination should proceed on the lines indicated, without interruption. We also think it was properly within the discretion of the court to deny the motion to adjourn the further hearing of the case. The court and jury were then regularly in the midst of the trial. If the conditions arising in the course of trials which seem to suggest the propriety of securing the attendance of witnesses not present should be held as legal ground for the adjournment of trials, the courts would be greatly embarrassed in the dispatch of public business. Conditions might arise in the course of a trial which would appeal to the trial judge as properly calling for an adjournment in the furtherance of justice; but the granting or refusal of such adjournment must rest largely in the discretion of the court, and we think there was no abuse of such discretion here. We also think no prejudicial error was committed in denying the motion to strike. The answers of the witness were not prejudicial to the appellant, and the questions of counsel were not evidence.

Error is assigned upon the following: The witness Graham, who is also a co-defendant with appellant in this prosecution, was testifying in behalf of appellant when he was asked: "Is this the first time you were ever arrested for robbery?" Appellant objected to the question as incompetent and immaterial, and the objection was overruled. Counsel cites *State v. Payne,* 6 Wash. 563 (34 Pac. 317), in support of this claim. In that case the defendant upon trial was asked in cross-examination if he had ever been confined in the county jail, and if he had ever been convicted of a crime before, to all of which he answered "No." Afterwards the court permitted the prosecution to introduce the sheriff of the county, who testified, over objection, that the defendant had been in the county jail under a conviction of petit larceny before a justice of the peace. The sheriff also read from the jail record. It was held that this was error; that the state was concluded by the answer of the witness, and could not contradict him, since the subject matter of the inquiry was collateral to the issue before the jury. It was not held, however, that it is incompetent to attempt to prove a former conviction of a felony as affecting the credibility of a witness, but it was particularly pointed out that such proof may be made under § 1647, 2 Hill's Code (§ 5992, Bal. Code); and it was also shown that a distinction is to be observed between a former conviction of a felony and of a misdemeanor. The question in the case at bar related to a felony, and was not improper under the decision cited, insofar as it sought an admission from appellant of a former conviction of a felony. The question was probably objectionable in form in that it referred to a former arrest instead of a former conviction, but, inasmuch as appellant afterwards testified that

he was acquitted of the charge, we think it did not amount to reversible error.

Error is further urged upon the following: A witness on behalf of appellant had testified concerning an alleged conversation between himself and one of the state's witnesses, in which he claimed the latter had used the following language: "There is another job for them after they get through this. They will never get out of jail before they are arrested." The apparent purpose of this testimony was to show that some kind of conspiracy or organized effort existed to convict the appellant and his co-defendant, possibly without regard to the merits of the charges that might be made against them. Such an inference might at least have been drawn by the jury. In rebuttal the state placed its said witness upon the stand, and during his examination the following occurred:

"Q. Did you say anything about having another job framed up? A. I didn't say anything about a job. I said there were two more warrants. Q. What did you understand they were for? (Objection as immaterial and hearsay. The warrants are the best evidence. Overruled. Exception.) A. I understood there was a case in Index and another at Silverton—the Ross case. Q. You had heard of them, had you? A. Yes, sir. That's where I got the hearsay of these other charges."

The overruling of the above objection is assigned as error. It is urged that the witness was by hearsay referring to other matters disconnected with the case before the court. In view of the testimony that had been introduced by appellant as to what this witness had said and which might have left a wrong impression upon the jury as indicated above, it would seem that his testimony in rebuttal was no more than an explanation of his former

conversation. We think this was not improper by way
of correcting any erroneous inference the jury might have
drawn without such explanation.

Further error is urged as to certain portions of the
cross-examination of appellant, to which no objections
were made at the trial. We shall therefore not now con-
sider these matters as properly assigned.

In rebuttal the state introduced one Mr. Sutherland,
who testified as follows:

"Q. Mr. Sutherland, do you know of any plot or con-
spiracy up at Silverton to railroad Mr. Ripley and Mr.
Graham? (Objection as incompetent and immaterial,
and as no part of the case. Overruled. Exception.) A.
I do not. Q. Are you a party to any such plot or con-
spiracy? (Objection same as above. Overruled. Ex-
ception.) A. I am not. Q. Do you know Mr. McDe-
matt of Silverton? A. I do. He is a storekeeper; a
general storekeeper of dry goods and groceries. Q. What
is Mr. McDematt's or McDonough's reputation in that
community as a peaceable and law-abiding citizen? (Ob-
jection as immaterial and incompetent and irrelevant.
Overruled. Exception.) A. It is good, as far as I
know."

Error is urged upon the overruling of the above ob-
jections. As heretofore indicated, certain testimony in-
troduced by the defense seemed to have been intended to
convey to the minds of the jury the idea that a conspiracy
existed among the state's witnesses to wrongfully convict
the appellant. The witness Sutherland had already tes-
tified for the state, and it was to meet this line of ap-
pellant's testimony, that the witness was interrogated as
above, in rebuttal, concerning his own knowledge of any
such conspiracy. We do not think this was error. Re-
ferring to the last objection above noted under this as-
signment, we find that the testimony of the defense had

been to the effect that a Mr. McDematt, a resident of Silverton, had by threats sought to intimidate one of the appellant's witnesses and prevent him from appearing as a witness at the trial.    The aforesaid testimony might have had the effect to emphasize the idea in the minds of the jury that a sort of general conspiracy against the appellant existed at Silverton.    Mr. McDematt was not present at the trial, and had not been subpoenaed by the state as a witness.    The state was therefore not in position to call upon him to deny what had been stated as having been said and done by him.    The testimony concerning him had amounted to an attack upon his reputation as a law abiding citizen, and we believe under the circumstances that it was not improper for the state to show his reputation in that regard as bearing upon the improbability of the truthfulness of what had been said of him by appellant's witness.

Error is claimed upon the admission of certain statements made by the prosecuting witness soon after the alleged robbery occurred.    These objections are based upon the ground that they were made in the absence of appellant; that they were not part of the *res gestae;* that they were incompetent because of the mental condition of the prosecuting witness; and that they did not show any connection of appellant with the robbery charged.    The evidence showed that the prosecuting witness had been drinking, and there was further evidence to the effect that he had received a blow and was knocked down while out in the street; that he was afterwards dragged in an unconscious condition from that place to the edge of the sidewalk in front of a saloon.    Within a few minutes after this, as he was aroused, the statements were made.    We think they were a part of the *res gestae,* and were com-

petent for that reason, although made in the absence of the appellant. The weight to be attached to them because of his mental condition was for the jury to determine in connection with other evidence bearing upon his condition. The same was also true as to their tending to connect appellant with the alleged crime.

We find no prejudicial error, and the judgment is affirmed.

MOUNT, ANDERS and DUNBAR, JJ., concur.