[No. 10433. Department One. May 29, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v. A. OVERLAND, *Appellant*.[1]

WITNESSES — CROSS-EXAMINATION — CRIMINAL LAW—PRIVILEGE OF ACCUSED—EVIDENCE OF FORMER CONVICTION. Upon cross-examination of the accused, it may, under the provisions of Rem. & Bal. Code, § 2290, be shown that he has previously been convicted of a crime, whether a felony or a misdemeanor.

CRIMINAL LAW—TRIAL—ORDER OF PROOF—REBUTTAL. The order of proof being under the discretion of the trial court, the admission in rebuttal of matters not strictly rebuttal evidence is not ground for reversal, unless prejudice is clearly shown.

Appeal from a judgment of the superior court for King county, Gay, J., entered November 18, 1911, upon a trial and conviction of the crime of larceny. Affirmed.

*Allen & Allen*, for appellant.

*John F. Murphy* and *Thomas J. L. Kennedy*, for respondent.

CHADWICK, J.—Appellant was convicted of the crime of grand larceny, and brings his case to this court assigning error in two matters; that is, that he was interrogated upon cross-examination and compelled to admit a prior conviction, and that the court permitted the state to offer original evidence in rebuttal. Whatever may have been the rule prior

[1]Reported in 123 Pac. 1011.

to the adoption of the criminal code, it is now the law that, when a party accused of crime offers himself as a witness, it may be shown that he has been previously convicted of a crime. This question is settled by the statute (Rem. & Bal. Code, § 2290), and by at least two decisions of this court based thereon. *State v. Blaine,* 64 Wash. 122, 116 Pac. 660; *State v. Stone,* 66 Wash. 625, 120 Pac. 76.

Nor does the statute make or retain the old distinctions between proofs of misdemeanors and of felonies. Conviction of a crime may be shown, and a crime, by the terms of the statute, "is any act or omission forbidden by law and punishable on conviction by death, imprisonment, fine or other penal discipline."

We have read the record carefully and find no abuse of discretion on the part of the court in the matter of admitting evidence in rebuttal. If it be admitted that the evidence complained of was not strictly rebuttal evidence, it does not follow that the case should be reversed. The order of proof is under the direction of the trial judge, and unless it is clearly shown that the order of proof as allowed was prejudicial to the defendant, there is no error. We deem the citation of sustaining authority to be wholly unnecessary.

Judgment affirmed.

DUNBAR, C. J., PARKER, CROW, and GOSE, JJ., concur.