[No. 13359. Department Two. October 9, 1916.]

MARGARET M. MARSHALL, *Respondent*, v. FRANK DUNN *et al.,*
*Appellants.*[1]

WITNESSES—CREDIBILITY—CONVICTION OF CRIME. In a civil action
for an assault and battery, the record of defendant's conviction in
the police court for the commission of the same assault and battery
is admissible when offered for the sole purpose of affecting the weight
to be given to the testimony of the defendant as expressly provided
in Rem. 1915 Code, § 2290.

WITNESSES — CREDIBILITY — CONVICTION—"CRIME"—STATUTES. An
assault and battery, even if made punishable by a municipal ordi-
nance as a misdemeanor, being *malum in se,* is a "crime," within
Rem. 1915 Code, § 2290, permitting a conviction of crime to be
shown for the purpose of affecting the weight to be given to the
defendant's testimony.

APPEAL—ASSIGNMENT OF ERRORS—REPLY BRIEF. Errors claimed
in the appellant's reply brief need not be considered when not as-
signed in his opening brief, under the express provisions of Rem.
1915 Code, § 1730.

APPEAL—REVIEW—NEW TRIAL—DISCRETION. The discretion of the
trial court in refusing a new trial for alleged newly discovered evi-
dence will not be disturbed on appeal where the evidence submitted
was contradicted and abuse of discretion was not shown.

Appeal from a judgment of the superior court for Spo-
kane county, Sullivan, J., entered June 18, 1915, upon the
verdict of a jury rendered in favor of the plaintiff, in an ac-
tion in tort. Affirmed.

*Mulligan & Bardsley* and *O. C. Moore,* for appellants.

*Corkery & Corkery,* for respondent.

PARKER, J.—The plaintiff seeks recovery of damages for
personal injuries which she claims as the result of an assault
made upon her by the defendants. Trial in the superior court
for Spokane county resulted in verdict and judgment against
the defendants, from which they have appealed to this court.

[1]Reported in 160 Pac. 298.

It is first contended in appellants' behalf that the trial court erred to their prejudice in admitting evidence of the conviction and fining of appellant Dunn in the police court of the city of Spokane for the commission of an assault made upon respondent, which, it may be inferred, though not clearly shown, was the same assault involved in this action. Counsel for respondent offered in evidence the record of this conviction of appellant Dunn in the police court. The court ruled admitting the offered record, but immediately changed its ruling rejecting the record. This occurred in the presence of the jury, but evidently the jury did not then see the record nor was it then read to them. It does not appear in the record of this case that this offer was renewed by counsel for respondent, though the record of appellant Dunn's conviction in the police court appears as an exhibit in this case. We may assume, for the purpose of argument, that it went into the jury room with the other exhibits, but it appears from the record before us that appellant Dunn admitted upon his cross-examination that he had been convicted in the police court and fined twenty dollars for assaulting respondent. This fact was sought to be proven by counsel for respondent, both by his offer of the police court record and by his cross-examination of appellant Dunn, for the sole purpose of affecting Dunn's credibility as a witness. The fact that he had not testified when the police court record was first offered is the apparent reason for the court's rejection of it at that time. The court plainly told the jury that the fact of Dunn's conviction was to be considered by them only as affecting his credibility as a witness. We note that the offer of the proof of Dunn's conviction in the police court by the record thereof and by cross-examination of appellant was only generally objected to by counsel for appellant in that it was "incompetent, irrelevant and immaterial." Nor does the record before us indicate any more specific statement of their objection in argument to the court.

In their opening brief, counsel for appellant make only the general claim of error touching the proof of Dunn's conviction in the police court; that "The court erred in permitting the respondent to introduce any testimony in reference to the alleged conviction in the Spokane police court." This contention is presented to us in the opening brief with citation of a number of authorities but with little argument, indicating that counsel in their opening brief were only relying upon the general rule that a judgment in a criminal action is not admissible in evidence in a civil action against the same defendant to show that he is liable in damages, though the question of the defendant's guilt in the criminal action may be in substance the same as the question of his liability for damage in the civil action; citing 2 Black, Judgments (2d ed.), § 529; 1 Greenleaf, Evidence (16th ed.), 537; 3 Cyc. 1098, and other authorities. We have seen, however, that the fact of Dunn's conviction in the police court of the crime of assault was offered in evidence, not for the purpose of showing his liability for damages in this action, but only for the purpose of affecting the weight of his testimony, which it is expressly provided by Rem. 1915 Code, § 2290, may be done, which section has been given full force and effect by our decisions in *State v. Blaine*, 64 Wash. 122, 116 Pac. 660; *State v. Stone*, 66 Wash. 625, 120 Pac. 76; *State v. Overland*, 68 Wash. 566, 123 Pac. 1011. It would seem plain, then, that unless we find in appellants' opening brief some other assigned reason for the rejection of this evidence, we must hold that no error was committed by the trial court in its admission of which we can here take notice. There seems to be no other reason suggested in appellants' opening brief.

One contention, however, is made in appellants' reply brief which might be considered as included in the contentions made in their opening brief, which possibly merits some attention. It is argued that, since it appears that the conviction and fining of appellant Dunn was in the police court of the city of Spokane, we must proceed upon the assumption that it

was a conviction of a violation of a city ordinance and not of a state law, and that, therefore, the offense of which he was so convicted was not a crime within the meaning of Rem. 1915 Code, § 2290, and our decisions above noticed. It seems to be conceded by counsel for appellants that that section and our decisions thereunder make the rule applicable to misdemeanors as well as felonies, classing both as crimes within the meaning of the rule. Indeed, our decision in *State v. Overland, supra,* seems to expressly so hold. The authorities are not in harmony upon the question of whether or not offenses defined by and punishable under city ordinances are crimes, using that word as including also misdemeanors. We are of the opinion, however, that when a valid city ordinance makes punishable an act which is *malum in se,* wrong within itself, as of course an assault is, such act is a crime within the meaning of § 2290, and our decisions above noticed. The decision of this court in *Spokane v. Smith,* 37 Wash. 583, 79 Pac. 1125, where it was held that a prosecution under a city ordinance for an act not *malum in se* was a criminal prosecution, would seem to argue that even such an act is a crime, though the question of its being a crime within the meaning of § 2290 may not be free from doubt.

Some other contentions are made in the reply brief of counsel for appellants touching the claimed error of the court in admitting proof of the conviction of appellant Dunn in the police court. These contentions, however, were not made in the opening brief, so we do not feel called upon to further notice them. Rem. 1915 Code, § 1730. We are of the opinion that the court did not err to the prejudice of appellants by the admission of evidence of appellant Dunn's conviction in the police court, in so far as we are here called upon to take notice of counsel's claim of error in the admission of that evidence.

One of the grounds of new trial relied upon by counsel for appellants is newly discovered evidence. Several affidavits were presented to the trial court in support of this ground

for a new trial. There were also presented to the trial court counter affidavits which challenged the truth of a considerable portion of the statements made as to the alleged new evidence being in fact newly discovered, and also as to the truth of a considerable portion of the alleged new evidence. We deem it sufficient to say that this contention presents only the question of abuse of discretion of the trial court in the denial of the motion for new trial, and we are quite clear such discretion was not abused in the disposition of the motion adverse to appellants.

The judgment is affirmed.

MORRIS, C. J., MAIN, HOLCOMB, and BAUSMAN, JJ., concur.