[No. 17012. Department Two. October 6, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v.
PERRY NICHOLS, *Appellant.*[1]

WITNESSES (104)—CREDIBILITY—CONVICTION OF CRIME. Accused on cross-examination may be interrogated as to prior convictions for similar offenses, including violation of ordinances *malum in se,* under Rem. Comp. Stat., § 2290, providing that every person convicted of a crime shall be competent as a witness, but the conviction may be proved for the purpose of affecting the weight of his testimony, either by the record or by cross-examination.

APPEAL (272)—RECORD—AFFIDAVIT. Affidavits on motion for a new trial can not be considered on appeal unless brought up by bill of exceptions or statement of facts.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered April 29, 1921, upon a trial and conviction of conducting a gambling game. Affirmed.

[1]Reported in 209 Pac. 689.

*W. C. Donovan,* for appellant.

*William C. Meyer* and *Louis F. Bunge,* for respondent.

MAIN, J.—Perry Nichols and William Nichols, on November 1, 1920, were charged by information with conducting a gambling game in the city of Spokane, at what is known as the Workingmen's Social Club. At about the same time, each of them was charged by complaint with gambling, in violation of a city ordinance. The three cases were consolidated and tried together. In submitting them to the jury, the court gave appropriate instructions covering each case, and separate verdicts were returned. In the state case, that of conducting a gambling game, the more serious offense, the defendants were both found guilty, and gave notice of appeal from the judgment entered upon the verdict. Thereafter William Nichols withdrew his appeal. The case, then, as it is presented here, involves only the appeal of Perry Nichols.

The first question is whether it was error to permit the prosecuting attorney to cross-examine the appellant as to prior offenses of which he had been convicted, and in rebuttal to introduce a record of those proceedings or a transcript thereof. Upon cross-examination, the appellant's answers to the question as to prior convictions were neither express admissions nor unequivocal denials. Section 2290, Rem. Comp. Stat., provides:

"Every person convicted of a crime shall be a competent witness in any civil or criminal proceeding, but his conviction may be proved for the purpose of affecting the weight of his testimony, either by the record thereof, or a copy of such record duly authenticated by the legal custodian thereof, or by other competent evidence, or by his cross-examination, upon which he shall answer any proper question relevant to that inquiry,

and the party cross-examining shall not be concluded by his answer thereto.''

Since the passage of this statute at the legislative session of 1909 (Laws of 1909, p. 900), it has been repeatedly held by this court that, when a party accused of crime offers himself as a witness, he may be cross-examined as to prior convictions, and that such convictions may be shown by offering in evidence a transcript thereof. *State v. Blaine,* 64 Wash. 122, 166 Pac. 660; *State v. Stone,* 66 Wash. 625, 120 Pac. 76; *State v. Overland,* 68 Wash. 566, 123 Pac. 1011. Prior convictions which may be shown include those under a city ordinance of an offense which is *malum in se. Marshall v. Dunn,* 93 Wash. 156, 160 Pac. 298. The case of the *State v. Smith,* 103 Wash. 267, 174 Pac. 9, is not applicable to the question here presented, because, as pointed out in *State v. Turner,* 115 Wash. 170, 196 Pac. 638, in that case independent original evidence of other offenses, and not of convictions, was offered by the state for the purpose of showing the tendency of the appellant to commit the crime there charged. The *Smith* case, *supra,* is not applicable to prior convictions. The case of *State v. Gottfreedson,* 24 Wash. 398, 64 Pac. 523, while supporting the appellant's contention, is not now the law upon this question. That case was decided prior to the passage of the statute above set out which expressly authorizes the cross-examination and the use of the transcript of the record.

The other questions presented cannot be considered because the affidavits presented on the motions for a new trial are not embodied in the statement of facts, and, therefore, are not a part of the record upon appeal, as has been frequently held by this court.

The judgment is affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.