754

[No. 87-3.    Division Three.    December 7, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. GARY EUGENE HUNT, *Appellant*.

*Joseph P. Delay* (of *Delay & Curran*), for appellant (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney,* for respondent.

MUNSON, J.—Defendant, Gary Eugene Hunt, appeals from a nonjury conviction on a charge for negligent homicide which arose out of the death of Marilyn Kennedy, a passenger in a vehicle struck by defendant's vehicle.

The essence of the court's findings are set forth in its finding of fact No. 2 in part as follows:

Gary Eugene Hunt was proceeding north on Argonne Road, along with an unidentified automobile, at a high rate of speed, when he passed Trooper James Burgess, who was traveling south at the intersection of Boone Avenue and Argonne Road, a quarter of a mile south of the intersection of Mission Avenue and Argonne Road. Gary Eugene Hunt entered the intersection of Mission Avenue and Argonne Road against a flashing yellow light, without looking either direction and at a speed in excess of 55 miles per hour. The speed limit on Mission Avenue and on Argonne Road is 35 miles per hour. Gary Eugene Hunt did not see the vehicle driven by Robert Kennedy until he was approximately twenty feet from it. He attempted to swing slightly to the right, and his 1965 Oldsmobile automobile collided with Robert Kennedy's 1965 Chevrolet automobile.

Twelve of defendant's thirteen assignments of error relate to the sufficiency of the evidence to support the trial court's findings of fact and conclusions of law. We have examined the record and find defendant's assignment to be without merit since the findings are amply supported by evidence.

Defendant's remaining assignment of error involves an evidentiary question. Jimmy Dale Purdy, an uninvolved witness to the accident, testified he had observed defendant's vehicle 10 to 15 feet prior to impact and that it was traveling at "a very high rate of speed." When the prosecutor questioned him further on the subject, Purdy stated, in his opinion, the defendant's vehicle was traveling in excess of 65 miles per hour. Defendant assigns error to Purdy's testimony on the basis that he did not have sufficient time to view defendant's vehicle so as to form an opinion concerning its speed. *Gray v. Pistoresi*, 64 Wn.2d 106, 390 P.2d 697 (1964); *Sanders v. Crimmins*, 63 Wn.2d 702, 388 P.2d 913 (1964); *Charlton v. Baker*, 61 Wn.2d 369, 378 P.2d 432 (1963). We disagree.

A witness may state an opinion concerning the speed of a vehicle provided his testimony does not possess a quality of extravagance which would automatically preclude its believability. *McKinney v. Seattle*, 139 Wash. 148, 245 P. 913 (1926); *Day v. Frazer*, 59 Wn.2d 659, 369 P.2d 859 (1962). We find no debilitating extravagance in Purdy testifying that defendant's vehicle was traveling "very fast" in a 35-mile-per-hour speed zone. The fact that the state pursued this topic and eventually elicited Purdy's final speed estimate goes merely to the weight of that testimony and not its initial admissibility.

It is plausible Purdy's testimony standing alone would be insufficient to form a basis for a conviction of negligent homicide. However, there is other evidence in the record from which the trial court could properly conclude that defendant's speed was in excess of 55 miles per hour (see Appendix A, photographs of damaged vehicles): (a) the physical evidence which shows the Kennedy vehicle trav-

eled 100 feet perpendicular to its path at the time of impact; (b) the engine of the Kennedy vehicle was torn from its mountings, ending up 180 feet from the point of impact; and (c) the testimony of Trooper Burgess of the Washington State Patrol that two vehicles going in the direction of the accident scene passed him immediately prior to the collision, traveling between 80 and 90 miles per hour, and that no vehicle subsequently passed him going in that direction until after he arrived at the scene.

The trial court's finding regarding defendant's driving in a reckless manner and with disregard for the safety of others is more than substantially supported by the evidence. Judgment affirmed.

EVANS, C. J., and GREEN, J., concur.

APPENDIX A

HUNT VEHICLE

KENNEDY VEHICLE