[No. 941-2. Division Two. April 30, 1975.]

WILLIAM A. WILLEY, *Appellant*, v. HILLTOP ASSOCIATES, INC., *et al, Respondents.*

*Jan Eric Peterson* (of *Peterson, Bracelin, Creech & Young*) and *Nels Peterson* (of *Peterson & Peterson*), for appellant.

*William Church* and *Brian D. Leahy,* for respondents.

PETRIE, J.—William A. Willey, plaintiff, has appealed from a judgment dismissing his complaint with prejudice following a jury verdict in favor of defendants. On appeal his primary contention is that he was denied a fair and full trial because the jury was improperly advised of his prior record of convictions for various misdemeanors. We agree and accordingly reverse the judgment with direction to grant a new trial.

The parties hereto were involved in a truck-motorcycle

accident at a signal-controlled intersection in Vancouver, Washington. Plaintiff filed a complaint seeking to recover damages sustained in that accident. A major issue at trial was plaintiff's contributory negligence. During cross-examination he was repeatedly requested to admit or deny convictions for various misdemeanors. He admitted prior convictions for drunkenness, driving while intoxicated, speeding, and careless driving; he denied several other asserted convictions.

Prior to trial, plaintiff attempted to limit defense attempts to attack his credibility by seeking an order which would have prohibited any evidence of his prior misdemeanor convictions. His motion was denied, but only after the trial court expressed some distress at what appeared to be a necessity to permit evidence of these convictions.

This being a civil matter, the appropriate statute which we must interpret is RCW 5.60.040.[1] *Mullin v. Builders Dev. & Fin. Serv., Inc.*, 62 Wn.2d 202, 381 P.2d 970 (1963). *Mullin* definitively established that in a civil matter, under RCW 5.60.040, it may be shown that a witness has been convicted of a crime or crimes to affect his credibility, but the extent to which the matter may be pursued thereafter rests in the sound discretion of the court. In *Mullin* the trial court prohibited identification of the crime—rape—of which the witness had been convicted. The ruling was affirmed on appeal on the theory that there was no abuse of discretion by the trial court. Implicit in the *Mullin* ruling is the determination that a conviction of a felony may be presented to the trier of the facts in order to affect the credibility of the witness.

Our concern, in the case at bench, is whether or not a misdemeanor is a crime, the conviction of which may be

---

[1]RCW 5.60.040 provides:

"No person offered as a witness shall be excluded from giving evidence by reason of conviction of crime, but such conviction may be shown to affect his credibility: *Provided,* That any person who shall have been convicted of the crime of perjury shall not be a competent witness in any case, unless such conviction shall have been reversed, or unless he shall have received a pardon."

shown to affect credibility, under the provisions of RCW 5.60.040. We hold that ordinarily it is not.

More than 80 years ago, interpreting this same statute, the Supreme Court established that it is reversible error even to *attempt* to prove a former conviction of the crime of petit larceny for the purpose of affecting the credibility of a witness so convicted. *State v. Payne*, 6 Wash. 563, 34 P. 317 (1893).[2] In *State v. Ripley*, 32 Wash. 182, 187, 72 P. 1036 (1903), the court observed "that a distinction is to be observed between a former conviction of a felony and of a misdemeanor." *See also State v. Champoux*, 33 Wash. 339, 74 P. 557 (1903).

*Payne* has never been overruled. Indeed, after passage of RCW 10.52.030[3] in 1909, the decision was simply left to linger in limbo. As to criminal cases, the "new" statute prevailed. The 1909 statute did not "make or retain the old distinctions between proofs of misdemeanors and of felonies." *State v. Overland*, 68 Wash. 566, 123 P. 1011 (1912). *See also State v. Maloney*, 135 Wash. 309, 237 P. 726 (1925) in which the court declared that "at one time it was not competent" to utilize a conviction of a misdemeanor for the purpose of affecting a defendant's credibility.

In *Marshall v. Dunn*, 93 Wash. 156, 160 P. 298 (1916), the

---

[2] Prior to 1909, at which time the legislature enacted the statute now codified as RCW 10.52.030, the provision of RCW 5.60.040 applied both to criminal and civil actions. For a complete history of the two statutes see *Mullin v. Builders Dev. & Fin. Serv., Inc.*, 62 Wn.2d 202, 381 P.2d 970 (1963).

[3] RCW 10.52.030 provides:

Every person convicted of a crime shall be a competent witness *in any civil or criminal proceeding*, but his conviction may be proved for the purpose of affecting the weight of his testimony, either by the record thereof, or a copy of such record duly authenticated by the legal custodian thereof, or by other competent evidence, or by his cross-examination, upon which he shall answer any proper question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer thereto.

(Italics ours.)

Despite the statutory language that RCW 10.52.030 applies "in any civil or criminal proceeding," *Mullin* definitively established that it applies *only* to a criminal proceeding.

"new" statute was applied in a *civil* tort action for assault to support admission of a misdemeanor conviction, involving the same subject matter, to affect the credibility of a witness. We know now that the 1909 statute cannot be applied in a civil matter. *Mullin v. Builders Dev. & Fin. Serv., Inc., supra.*[4]

From *Marshall* (1916) to *Mullin* (1963) definitive interpretations of RCW 5.60.040, applied to civil matters, are noticeably and understandably absent. In *Mullin,* the court reaffirmed a pre-1909 interpretation—that once it was shown the witness had been convicted of a crime, "the demands of the statute had been met" *State v. Gottfreedson,* 24 Wash. 398, 399, 64 P. 523 (1901). Thus, the statute was never intended to be an all-inclusive evidentiary guide expressing the legislative will as to the manner and extent to which the matter may be pursued thereafter. The only prerequisite is that the crime of which the witness had been convicted be a crime conviction of which tends to discredit the witness.

The statute itself asserts on the one hand that conviction of the crime of perjury so thoroughly discredits a witness that the conviction itself establishes the witness is not competent to testify as to the facts in any subsequent matter. The rule in *Payne* establishes, on the other hand, that only crimes of infamy are "crimes" the conviction of which tends to discredit a witness. Only treason, felonies and crimes stylized as crimen falsi fall within that category.[5]

---

[4]Incidentally, the decision in *Marshall v. Dunn,* 93 Wash. 156, 160 P. 298 (1916) has an independent basis for support. The prior conviction in *Marshall* can be categorized as an admission against interest. *Ryan v. Westgard,* 12 Wn. App. 500, 530 P.2d 687 (1975); *Fleming v. Seattle,* 45 Wn.2d 477, 275 P.2d 904 (1954).

[5]Note the striking similarity between the Washington rule and rule 609, Federal Rules of Evidence, recently enacted by Act of Jan. 2, 1975 Pub. L. No. 93-595, 88 Stat. 1926, 1935. Subject to use within 10 years, rule 609(a) provides:

    (a) General rule.—For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under

Under these circumstances, the court—not by reason of the statute, but rather by reason of its duty to admit only evidence which has some logical proof tendency toward lack of credibility—exercises its sound discretion to admit or exclude further identifying circumstances of the crime of which the witness has previously been convicted. The court simply applies the usual standard of relevancy, balancing the beneficial effects against the prejudicial effect.

Obviously, enforcement of a rule of evidence which denies a party even an attempt to present evidence of a misdemeanor conviction of a potential witness will require a good deal of pretrial vigilance. However, the problem is not substantially greater than that presently encountered when parties seek to limit or extend evidence as to identity of the infamous crime or other surrounding circumstances. The party seeking to protect the potential witness must be prepared to demonstrate that the conviction is not that of an infamous crime; the party seeking to attack the credibility of the potential witness must be prepared to demonstrate the actual conviction *and* to convince the court, at pretrial, that the crime is not only a crime of infamy but also that admitting the evidence outweighs its prejudicial effect under all the circumstances.

We hasten to add that the rule which we have herein reaffirmed applies only to those instances in which evidence of a prior conviction is presented for the purpose of challenging the credibility of a witness. The rule is, and well ought to be, different in the event the prior conviction is presented for another legitimate purpose, for example, to assist in establishing damages sustained, *Minch v. Local 370, Operating Eng'rs*, 44 Wn.2d 15, 265 P.2d 286 (1953), or, when the evidence bears upon damages to establish a long-

which he was convicted, and [in criminal proceedings] the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

*See*: Conference Report 93-1597 accompanying H. R. 5463 (December 14, 1974); Am. Jur. 2d New Topic Service, *Federal Rules of Evidence* 231 (1975).

standing habit of drunkenness which probably would have continued if the previously convicted party had lived. *Fleming v. Seattle*, 45 Wn.2d 477, 275 P.2d 904 (1954).

Finally, we note in passing that Mr. Willey has also assigned error to the testimony of a 16-year-old witness who saw Mr. Willey's motorcycle for "four seconds or less" from a distance of 20 feet. The witness testified (a) that Mr. Willey did not stop at the intersection, and (b) that he "was traveling at least 30 miles per hour." We find no error in the trial court's ruling which admitted this evidence of plaintiff's speed and failure to stop. *Day v. Frazer*, 59 Wn.2d 659, 369 P.2d 859 (1962); *State v. Hunt*, 3 Wn. App. 754, 477 P.2d 645 (1970).

Reversed and remanded for new trial

ARMSTRONG, C.J., and PEARSON, J., concur.

Petition for rehearing denied June 9, 1975.

Review granted by Supreme Court October 7, 1975.