[No. 2978–3. Division Three. November 15, 1979.]

HELEN HENRY, *Appellant,* v. LEONARDO TRUCK LINES, INC., *Respondent.*

*Tim Weaver* and *Hovis, Cockrill & Roy,* for appellant.

*Dennis L. Fluegge* and *Halverson, Applegate & McDonald,* for respondent.

MUNSON, J.—Helen Henry a/k/a Helen Teo appeals the denial of her motion for judgment notwithstanding the verdict or in the alternative for a new trial.[1]

The pertinent facts[2] may be summarized as follows:

A vehicle driven by Ms. Henry collided on a curve with a disabled truck and trailer of the defendant. Shortly before the collision, the defendant's truck and trailer had slid from

---

[1]The jury returned a verdict of $11,750 in favor of Ms. Henry but reduced that amount by 40 percent because of her negligence. The final award was $7,500.

[2]Ms. Henry has brought before this court only the testimony of defendant's driver and the hearing on defendant's motion in limine which precipitated this appeal.

its northbound lane of travel into the southbound lane so that it blocked not only the southbound lane but also a portion of the northbound lane.

After the collision, the defendant's driver was cited for failure to comply with RCW 46.37.450(2), *i.e.*, failure to properly display warning devices when vehicle disabled, which in part provides:

> Whenever any vehicle . . . is disabled within five hundred feet of a curve, . . . the warning signal . . . shall be . . . placed . . . in no case less than five hundred feet from the disabled vehicle.

At the hearing on the traffic charge, the driver, apparently because of a misunderstanding with defendant's attorney, appeared pro se and pleaded guilty to the charge.

Prior to trial, defendant moved in limine for an order excluding testimony concerning the driver's plea to the traffic charge. The trial court granted the request because it believed the probative value of the plea for Ms. Henry was outweighed by its potential for prejudice to the defendant.

During the trial, the driver testified that he threw 15– or 20–minute fuzees 75 to 90 feet north and south of the collision site. Ms. Henry presented evidence that there were no warning signals. The jury was instructed as to the existence of RCW 46.37.450(2) and the legal effect of finding the driver in noncompliance, *i.e.*, negligence of the defendant as a matter of law.

The sole issue is whether the Superior Court erred in failing to permit testimony concerning the driver's plea.

■ While a plea of guilty to a criminal charge may be used as an evidentiary admission in a later civil suit arising from the same transaction, *Konshuk v. Hayes*, 150 Wash. 565, 567, 273 P. 957 (1929); *Ryan v. Westgard*, 12 Wn. App. 500, 530 P.2d 687 (1975), it does not follow that the exclusion of testimony relative to the plea automatically warrants a reversal. In the instant case, Ms. Henry's reason[3]

---

[3]Ms. Henry does not claim that the reason for admitting evidence of the plea and attendant conviction was to impeach the driver's credibility. If such were the

for introducing the driver's plea was to show his negligence per se. In this regard, the driver on several occasions admitted that he did not comply with the distance requirements of RCW 46.37.450(2). The jury was instructed as to the mandate of the statute and the effects of noncompliance. Hence, the evidence of the plea was cumulative and its exclusion must be viewed as harmless.

Ms. Henry argues that the conviction should have been admitted as an admission against interest. *Ryan v. Westgard, supra.* Here, the defendant's testimony at trial was the same as admitted to on his guilty plea—failure to comply with the warning device statute. His credibility was not in issue; his testimony was consistent and in this regard favorable to Ms. Henry. She argues, however, that the guilty plea would have negated the excuses for noncompliance to which he testified. This is speculative. Those same excuses may have mitigated the penalty imposed on his guilty plea. We fail to perceive the court's ruling as reversible error.[4]

Ms. Henry next contends that she was prejudiced by the exclusion because she was unable to show that the driver knew of the distance mandate of RCW 46.37.450(2) at the time of his plea in order to impeach his testimony that he did all he could under the circumstances. This argument is

case, the exclusion of the admission would have been in the Superior Court's discretion. *See* RCW 5.60.040; *see Mullin v. Builders Dev. & Fin. Serv., Inc.*, 62 Wn.2d 202, 381 P.2d 970 (1963); *Willey v. Hilltop Assocs.*, 13 Wn. App. 336, 535 P.2d 850, *review granted*, 85 Wn.2d 1018 (1975), dismissed per stipulation January 1976.

[4]The fact that the driver testified that under the circumstances he did the best he could in placing the fuzees 75 to 90 feet from the disabled vehicle is not a result of the exclusion of testimony relative to the plea because explanatory evidence surrounding the plea relative to the plea is admissible. *Ryan v. Westgard, supra* at 511. *See* E. Cleary, *McCormick on Evidence* § 265 n.57 (2d ed. 1972).

Although *Atkins v. Churchill*, 30 Wn.2d 859, 194 P.2d 364 (1948), appears at first glance to prohibit such explanatory evidence, the prohibition dismissed in that case applies to the use of a plea to attack the credibility of a witness, which is not the case here.

unpersuasive. Knowledge of the statute's distance require-
ments at the time of the plea is irrelevant to whether the
driver did all that he could under the circumstances at the
time immediately prior to the collision; however, the driv-
er's knowledge of the distance requirements at the time of
the collision could be used by the jury to weigh the driver's
explanation. Evidence of the latter, however, was not
excluded by the court.

Finally, assuming arguendo that Ms. Henry's contention
is correct, a reversal would be of no benefit to her. The
Rules of Evidence, effective April 2, 1979, would be appli-
cable; ER 609(a)[5] would foreclose her inquiry.

The judgment is affirmed.

GREEN, C.J., and MCINTURFF, J., concur.

Reconsideration denied December 11, 1979.

---

[5]ER 609(a) provides:

"(a) **General Rule.** For the purpose of attacking the credibility of a witness,
evidence that he has been convicted of a crime shall be admitted if elicited from
him or established by public record during cross–examination but only if the
crime (1) was punishable by death or imprisonment in excess of 1 year under the
law under which he was convicted, and the court determines that the probative
value of admitting this evidence outweighs its prejudicial effect to the defendant,
or (2) involved dishonesty or false statement, regardless of the punishment."